**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ZIILABS INC., LTD., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SAMSUNG ELECTRONICS CO. LTD.; )<br>SAMSUNG ELECTRONICS AMERICA, INC.; )<br>SAMSUNG TELECOMMUNICATIONS, )<br>AMERICA, LLC; SAMSUNG AUSTIN )<br>SEMICONDUCTOR, LLC; and APPLE INC. )<br>)<br>Defendants. ) | Case No. 2:14-cv-00203-JRG-RSP |

**APPLE INC.'S RULE 12(b)(6) MOTION TO DISMISS
<u>FOR FAILURE TO STATE A CLAIM</u>**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION AND STATEMENT OF ISSUES ........................................................1

II. FACTUAL BACKGROUND...........................................................................................2

III. ARGUMENT....................................................................................................................4

    A. ZiiLabs Fails to Plead Sufficient Facts to State a Claim for Inducement..........................................................................................................5

    B. ZiiLabs Fails to Plausibly Allege Sufficient Facts to State a Claim for Willfulness With Respect to the '096, '615, '649 and '061 Patents..............................................................................................................8

IV. CONCLUSION.................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Achates Reference Publ'g, Inc. v. Symantec Corp.*,
  Case No. 2:11-CV-294-JRG-RSP, 2013 WL 693955 (E.D. Tex. Jan. 10, 2013) ................... 5, 8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................. 1, 4, 7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................. 1, 4, 7

*Clear With Computers, LLC v. Bergdorf Goodman, Inc.*,
  Case No. 6:09-CV-481, 2010 WL 3155888 (E.D. Tex. Mar. 29, 2010) ................................... 8

*Grobler v. Sony Computer Entm't Am. LLC*,
  Case No. 5:12-CV-01526-LHK, 2013 WL 308937 (N.D. Cal. Jan. 25, 2013) ......................... 8

*In re Bill of Lading Transmission and Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012) ............................................................................................. 4, 5

*In re Seagate Tech., LLC*,
  497 F.3d 1360 (Fed. Cir. 2007) ................................................................................................. 8

*Intellectual Ventures I LLC v. Bank of Am., Corp.*,
  Case No. 3:13-cv-358-RJC-DSC, 2014 WL 868713 (W.D.N.C. Mar. 5, 2014) ....................... 7

*McRo, Inc. v. Rockstar Games, Inc.*,
  Case Nos. 12-1513, 12-1517, 12-1519, 2014 WL 1051527 (D. Del. Mar. 17, 2014) ............... 8

*Seoul Laser Dieboard Sys. Co. v. Serviform, S.r.l.*,
  957 F. Supp. 2d 1189 (S.D. Cal. 2013) ..................................................................................... 9

*Superior Indus., LLC v. Thor Global Enters. Ltd.*,
  700 F.3d 1287 (Fed. Cir. 2012) ............................................................................................. 4, 7

*Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*,
  Case No. 2:13-CV-38-JRG, 2014 WL 894805 (E.D. Tex. Mar. 4, 2014) .............................. 4, 5

*Trans Video Elecs., Ltd. v. Netflix, Inc.*,
  Case No. 12-1743-LPS, 2014 WL 900929 (D. Del. Mar. 4, 2014) ........................................... 8

**STATUTES**

35 U.S.C. § 271(b) ................................................................................................................. 2

# I. INTRODUCTION AND STATEMENT OF ISSUES

ZiiLabs' Second Amended Complaint asserts nine patents and more than 160 claims against a broad swath of Apple (and Samsung) products, but offers little more than cut-and-paste boilerplate conclusions to support its claims for inducement and willful infringement. The Supreme Court has instructed that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"; instead a complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Far from providing the required factual allegations, ZiiLabs' Second Amended Complaint repeats – verbatim – the same conclusory recitation of legal elements for every single one of its inducement claims, despite the fact that these claims span five Defendants, seven different asserted patents, and dozens of accused products. Without some sort of factual allegations to support an inference that *Apple* engaged in certain conduct encouraging third parties to perform infringing acts, ZiiLabs' Second Amended Complaint fails to plead a cause of action for inducement against Apple. ZiiLabs' allegations of willful infringement as to four of the patents are similarly conclusory and insufficient, with the only supporting factual allegation of knowledge of infringement contradicted by the very Exhibit upon which ZiiLabs relies.

To the extent that ZiiLabs wishes to pursue the array of disparate claims asserted in its Second Amended Complaint, it should be held to the pleading standards required under the law – well-pled *facts* must be provided for each cause of action, rather than the same generic boilerplate across all patents, products, and defendants. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed"). At the very least, ZiiLabs should not be able to paint with the broadest brush and generically lump together

all unspecified conduct of "Defendants" Apple and Samsung -- companies that compete with one another with respect to the accused products -- for purposes of alleging indirect infringement. Because ZiiLabs' assertions of inducement and willful infringement fail to meet the minimum pleading standards, these causes of action should be dismissed.

## II. FACTUAL BACKGROUND

ZiiLabs filed its Complaint on March 10, 2014 (D.I. 1, Complaint), its Amended Complaint on April 23, 2014 (D.I. 31, Amended Complaint) and its Second Amended Complaint on June 4, 2014 (D.I. 41, Second Amended Complaint.) The Second Amended Complaint asserts induced infringement of 7 patents (more than 150 claims) and willful infringement of all nine asserted patents.[1] Without any explanation of how of the accused products are alleged to infringe, these patents are asserted against numerous Apple products, including various iPhones, iPads, iPod touches, iPod Nanos, Apple TV, iMacs, MacBook Pros, and Mac Pros. The patents are also asserted against a variety of Samsung products.

The Second Amended Complaint summarily asserts that "direct and indirect customers" of the Defendants infringe the asserted patents but fails to allege any acts by Apple (as opposed to the Defendants collectively) that are alleged to induce infringement. These assertions are made in eight essentially-identical paragraphs, differing only with respect to the patent number and whether the Patent includes method claims:

> Upon information and belief, at least as of August 2013, when they received actual notice of the ZiiLabs patents, Defendants indirectly infringe one or more claims of the ['XXX Patent] by active inducement under 35 U.S.C. § 271(b). Defendants have induced,

---

[1] The asserted patents include U.S. Patent Nos. 5,831,637 ("the '637 Patent"), 5,835,096 ("the '096 Patent"), 6,111,584 ("the '584 Patent"), 6,683,615 ("the '615 Patent"), 6,977,649 ("the '649 Patent"), 7,050,061 ("the '061 Patent"), 7,187,383 ("the '383 Patent"), 7,710,425 ("the '425 Patent"), and 8,144,156 ("the '156 Patent"). ZiiLabs' original Complaint and First Amended Complaint also asserted one additional patent, but this patent was dropped from the Second Amended Complaint.

2

> caused, urged, encouraged, aided and abetted their direct and indirect customers to make, use, sell, offer for sale, and/or import products which infringe the ['XXX Patent and to use methods that infringe the 'XXX Patent]. Defendants have done so by acts including but not limited to selling infringing products, marketing the infringing capabilities of such products, and providing instructions, technical support, and other encouragement for the use of such products. Such conduct by Defendants was intended to and actually resulted in direct infringement, including the making, using, selling, offering for sale, and/or importation of infringing products in the United States….
>
> *Id.* ¶¶ 21, 26, 31, 36, 45, 50, and 55.

None of ZiiLabs' inducement assertions provide any facts regarding what specific acts by consumers allegedly infringe the patent in question with respect to any of the various different products accused under each patent. There are also no facts -- beyond the general proposition that Defendants sell, market, and provide instructions for the use of the products -- indicating how Apple or any other Defendant intends to or does encourage infringement through any such unidentified acts of their customers.

In addition, ZiiLabs' willful infringement allegations with respect to U.S. Patent Nos. 5,835,096, 6,683,615, 6,977,649 and 7,050,061 ("the '096, '615, '649 and '061 patents") are unsupported by well-pleaded facts. ZiiLabs Second Amended Complaint alleges that Apple has willfully infringed nine patents. ZiiLabs' specific allegations with respect to willful infringement are found in paragraphs 60-61 of the Second Amended Complaint. In support of ZiiLabs' allegation of willful infringement of the '096, '615, '649 and '061 patents, ZiiLabs alleges that it "notified Apple of its portfolio and its applicability to Apple's products." But, as described below, the Exhibit that ZiiLabs cites in its Second Amended Complaint contradicts its willfulness allegation with respect to these patents. The Exhibit purports to provide an exhaustive list of the patents in ZiiLabs' portfolio, and then provides a specific list of the 40 patents ZiiLabs alleged might be infringed by Apple. Four of the nine patents asserted in this

3

case -- the '096, '615, '649, and '061 patents -- were *not* included on this list of 40 that ZiiLabs alleges to have put Apple on notice.

### III. ARGUMENT

To survive a motion to dismiss under Rule 12(b)(6), ZiiLabs Second Amended Complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]' to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.*; *see also Iqbal*, 556 U.S. at 678 (explaining that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Thus, a complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678.

In *In re Bill of Lading,* the Federal Circuit made clear that conclusory, unsupported patent infringement complaints do not suffice for pleading inducement in light of *Iqbal* and *Twombly*. *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012); *see also Superior Indus., LLC v. Thor Global Enters. Ltd.,* 700 F.3d 1287, 1295 (Fed. Cir. 2012) (internal citations omitted) ("Form 18 does not determine the sufficiency of pleading for claims of indirect infringement. Rather the pleading requirements set forth in *Bell Atl. Corp. v. Twombly* and *Ashcroft v. Iqbal* apply to such claims.")*; Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*, Case No. 2:13-CV-38-JRG, 2014 WL 894805, at *2 (E.D. Tex. Mar. 4, 2014). These rulings confirm that, under *Iqbal* and *Twombly*, a complaint must allege facts that support an inference that each of the required legal elements for inducement can be satisfied. *Tierra,* 2014 WL 894805, at *2 ("the facts pled must allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Similarly, "[a] claim for

4

willful patent infringement requires proof that (1) 'the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent,' and (2) 'this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.'" *Achates Reference Publ'g, Inc. v. Symantec Corp.*, Case No. 2:11-CV-294-JRG-RSP (Report and Recommendation), 2013 WL 693955, at *3 (E.D. Tex. Jan. 10, 2013) (adopted by Judge Gilstrap on February 25, 2013, D.I. 340). A bare assertion that a Defendant's infringement was willful is not sufficient to plead a plausible claim for relief. *Id.* (recommending granting the motion to dismiss claim for willful infringement.)

ZiiLabs' generic assertions of inducement and willful infringement fail to meet these minimum standards and should be dismissed.

### A.     ZiiLabs Fails to Plead Sufficient Facts to State a Claim for Inducement

To state a claim for induced infringement, ZiiLabs must "plausibly allege (1) that a third party, or the defendant in combination with a third party, has performed acts sufficient to constitute infringement; (2) that the defendant knew of the patent and that the acts in question would infringe; and (3) that the defendant had specific intent to encourage the third party's infringement." *Tierra*, 2014 WL 894805, at *2.

ZiiLabs' Second Amended Complaint "must contain facts plausibly showing that [defendant] specifically intended their customers to infringe the [] patent and knew that the customer's acts constituted infringement." *See Bill of Lading*, 681 F.3d at 1339; *see also Tierra*, 2014 WL 894805, at *2. Liability for inducement requires evidence of culpable conduct, directed to encouraging another's infringement. *See Tierra*, 2014 WL 894805, at *6, *7 (noting that "the language of the statute and the case law interpreting it make clear that 'active' inducement consisting of 'affirmative steps to bring about the desired result' is a baseline

5

requirement for a defendant's inducement liability" and finding "[n]one of the facts as pled allege the affirmative steps to induce infringement that are necessary to survive a motion to dismiss under Rule 12(b)(6).")

ZiiLabs' Second Amended Complaint is devoid of factual allegations concerning inducement by Apple. There is not one allegation as to anything that *Apple* has specifically done to support a reasonable inference that Apple induced others to infringe ZiiLabs' various patents. All allegations are generic to the five "Defendants": "*Defendants* have done so by acts including but not limited to selling infringing products, marketing the infringing capabilities of such products, and providing instructions, technical support, and other encouragement for the use of such products." D.I. 41, Second Amended Complaint ¶¶ 21, 26, 31, 36, 45, 50 and 55 (emphasis added). Nor are any facts alleged regarding infringing acts by "Defendants direct and indirect customers," aside from the blanket statement that customers of Defendants "make, use, sell, offer for sale, and/or import products which infringe." In short, these conclusory statements do not plausibly support a claim that Apple specifically intended its customers to infringe a particular patent or knew that the customer's acts constituted infringement.

The meaningless nature of ZiiLabs' generic references to unspecified marketing, instructions and/or support by "Defendants" and unidentified acts of infringement by "direct and indirect customers" is reinforced by ZiiLabs' verbatim repetition of these same allegations -- changing only the patent number -- throughout the Second Amended Complaint. *See* D.I. 41 ¶¶ 21, 26, 31, 36, 45, 50 and 55. These cut-and-paste allegations cannot simultaneously support inferences of intent to encourage infringement through each of the vast array of disparate acts implicated by over 150 claims in eight patents asserted against dozens of different accused products of multiple defendants. Presumably ZiiLabs has a basis (and need) to assert all of these

6

patents against nearly every one of Apple's products. ZiiLabs should provide, as the law requires, some factual basis to support its claim that Apple is inducing infringement of these patents.

The law requires more than conclusions and speculation that some unspecified conduct by Apple somehow manifests intent to cause infringement of eight patents unidentified Apple customers to perform an unidentified set of infringing acts with numerous different products. *See Ashcroft*, 556 U.S. at 678 (2009); *Twombly*, 550 U.S. at 557 (2007); *see also Intellectual Ventures I LLC v. Bank of Am., Corp.*, Case No. 3:13-CV-358-RJC-DSC, 2014 WL 868713, at *2, *3 (W.D.N.C. Mar. 5, 2014) (granting motion to dismiss inducement claims because "Plaintiffs merely argued that Defendants advertised the accused products on its website. This argument fails to mention any facts that demonstrate that Defendants specifically intended for their customers to infringe the asserted patent" and also noting that "if Plaintiffs were allowed to assert a claim by simply stating legal conclusions, without supporting facts to support their argument, this would be in direct contrast to the Supreme Court's aim in putting the defendant on notice.")

Courts routinely dismiss inducement claims where the allegations are conclusory and do not allege sufficient facts to plausibly infer that the defendant engaged in affirmative acts encouraging acts of third parties with the knowledge that such acts infringed. In *Superior*, the Federal Circuit affirmed dismissal of the inducement allegations because "Superior does not allege any facts to support a reasonable inference that Thor specifically intended to induce infringement of the '231 patent or that it knew it had induced acts that constitute infringement." *Superior,* 700 F.3d at 1296 (Fed. Cir. 2012). In *Grobler,* the court explained that although plaintiff "has alleged facts sufficient to support an inference that Sony intends its customers to

download rental movies," this generalized proposition cannot "plausibly support an inference of intent" to cause specific infringing acts. *Grobler v. Sony Computer Entm't Am. LLC*, Case No. 5:12-CV-01526-LHK, 2013 WL 308937, at *3 (N.D. Cal. Jan. 25, 2013). In *Trans Video*, the court found "in the absence of facts pled relating to how Defendant's customer's actions are said to amount to infringement of a patented method, the bare reference to 'instructions … on how to use the accused product in such a way that infringes' is a nullity." *Trans Video Elecs., Ltd. v. Netflix, Inc.*, Case No. 12-1743-LPS, 2014 WL 900929, at *4 (D. Del. Mar. 4, 2014). Where "[t]he complaint simply fails to inform Defendants as to what they must defend," dismissal of inducement allegations is warranted. *See e.g.*, *Clear With Computers, LLC v. Bergdorf Goodman, Inc.*, Case No. 6:09-CV-481, 2010 WL 3155888, at *4 (E.D. Tex. Mar. 29, 2010). Thus, even if the generic assertions against "Defendants" could be ascribed entirely to Apple, they do not pass muster under the law and ZiiLabs' inducement claims must be dismissed.

### B. ZiiLabs Fails to Plausibly Allege Sufficient Facts to State a Claim for Willfulness With Respect to the '096, '615, '649 and '061 Patents

A claim for willful patent infringement requires proof that "(1) 'the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent,' and (2) 'this objectively-defined risk … was either known or so obvious that it should have been known to the accused infringer.'" *Achates*, 2013 WL 693955, at *3 (citing *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). A bare assertion that infringement was willful is insufficient to plead a plausible claim for relief. *Id*. Without well-pleaded allegations that the Defendant knew or should have known that of any objectively-defined risk that its actions infringed the patents-in-suit, courts have found pleading knowledge of the patents-in-suit alone to be insufficient. *See e.g.*, *McRo, Inc. v. Rockstar Games, Inc.*, Case Nos. 12-1513, 12-1517, 12-1519, 2014 WL 1051527, at *7 (D. Del. Mar. 17, 2014) (finding allegations of knowledge of

the patents insufficient to plead a claim for willful infringement where the allegations made "no link whatsoever between [Defendants' knowledge of the patents-in-suit based on the 2008 communications] and any allegations that [Defendants] knew or should have known of any objectively-defined risk that its actions infringed the patents-in-suit.") (internal citations omitted).

ZiiLabs pleads that "on August 7, 2013, ZiiLabs notified Apple of its portfolio and its applicability to Apple's products. *See* Exhibit 12." D.I. 41, Second Amended Complaint ¶ 60; Exhibit 12. Exhibit 12 to the ZiiLabs Second Amended Complaint includes a list identifying those 40 patents that ZiiLabs believed that Apple infringed. *Id.* The '096, '615, '649 and '061 patents are not on this list of allegedly-infringed patents. Thus, to the extent that Exhibit 12 gave notice to Apple of the applicability of the patents-in-suit to Apple's products, it fails to support an inference of knowledge of infringement as to the '096, '615, '649 and '061 Patents. *See e.g., Seoul Laser Dieboard Sys. Co. v. Serviform, S.r.l.*, 957 F. Supp. 2d 1189, 1197 (S.D. Cal. 2013) (noting that where "the contents of the letter are referenced in the Complaint as the basis for Defendants' knowledge, the Court may consider it" and relying upon the letter to discredit Plaintiff's pled facts in finding Plaintiff failed to adequately plead willful infringement.). ZiiLabs' willful infringement allegations as to these four patents should thus also be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court dismiss all of ZiiLabs' claims for inducement to infringe, and dismiss ZiiLabs' claims for willful infringement with respect to the '096, '615, '649 and '061 Patents.

Dated:  June 23, 2014	Respectfully submitted,


	*/s/Marcus E. Sernel, P.C.*

	Melissa R. Smith
	State Bar No. 24001351
	GILLAM & SMITH LLP
	303 S. Washington Avenue
	Marshall, Texas 75670
	Telephone:  (903) 934-8450
	Facsimile:  (903) 934-9257
	E-mail:  Melissa@gillamsmithlaw.com

	Gregory S. Arovas, P.C. (*admitted pro hac vice*)
	Todd M. Friedman, P.C. (*admitted pro hac vice*)
	KIRKLAND & ELLIS LLP
	601 Lexington Avenue
	New York, New York 10022
	Telephone:  (212) 446-4800
	Facsimile:  (212) 446-4900
	E-mail:  greg.arovas@kirkland.com
	E-mail:  todd.friedman@kirkland.com

	Marcus E. Sernel, P.C. (*admitted pro hac vice*)
	Colleen M. Garlington (*admitted pro hac vice*)
	KIRKLAND & ELLIS LLP
	300 N. LaSalle Street
	Chicago, Illinois 60654
	Telephone:  (312) 862-2000
	Facsimile:  (312) 862-2200
	E-mail:  marc.sernel@kirkland.com
	E-mail:  colleen.garlington@kirkland.com

	*Attorneys for Defendant Apple Inc.*

# CERTIFICATE OF SERVICE

  The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 23, 2014.

                   */s/Marcus E. Sernel, P.C.*