**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **ZIILABS INC., LTD.,** § | |
| § | |
| Plaintiff, § | |
| § | **Civil Action No. 2:14-CV-00203** |
| vs. § | |
| § | **Jury Trial Requested** |
| § | |
| **SAMSUNG ELECTRONICS CO. LTD.;** § | |
| **SAMSUNG ELECTRONICS AMERICA, INC.;** § | |
| **SAMSUNG TELECOMMUNICATIONS** § | |
| **AMERICA, LLC; SAMSUNG AUSTIN** § | |
| **SEMICONDUCTOR, LLC; and APPLE INC.** § | |
| § | |
| Defendants. § | |
| § | |

## ZIILABS'S RESPONSE TO APPLE'S MOTION TO DISMISS

Apple asks this Court to reject its own precedent describing the liberal pleading standard for patent claims in its Motion to Dismiss Plaintiff ZiiLabs's Second Amended Complaint ("SAC"). Dkt. # 42 ("Motion"). Apple makes the unremarkable claim that Plaintiff's allegations are "too generic." Although Plaintiff's SAC explains both how Apple induced its direct and indirect customers to infringe Plaintiff's patents and how Apple knew of its infringing conduct prior to the initiation of this lawsuit, Apple believes Plaintiff is required to prove every element of induced infringement and willful infringement in its SAC. Such a position is contrary to law.

Apple's Motion should be denied because Plaintiff's SAC meets the required standard: it states its claim for relief against Apple and puts Apple on notice of the accused products and infringing conduct at issue. No more is required under this Court's precedent at the pleading stage of litigation.

1

## I. BACKGROUND

Plaintiff is the assignee of U.S. Patent Nos. 5,831,637 ("the '637 Patent"), 5,835,096 ("the '096 Patent"), 6,111,584 ("the '584 Patent"), 6,683,615 ("the '615 Patent"), 6,977,649 ("the '649 Patent"), 7,050,061 ("the '061 Patent"), 7,187,383 ("the '383 Patent"), 7,710,425 ("the '425 Patent"), and 8,144,156 ("the '156 Patent"). *SAC* ¶ 2. These patents are referred to collectively as the "Patents-in-Suit." *Id.* The Patents-in-Suit relate to various aspects of graphics processing, including graphics virtual memory management, texture storage and processing, two-dimensional and three-dimensional rendering, and graphics processing architectures. Plaintiff's SAC alleges that Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, and Samsung Austin Semiconductor, LLC (collectively "Samsung") and Apple (with Samsung, "Defendants") have infringed all nine of the Patents-in-Suit. As detailed in the SAC, Plaintiff alleges that Defendants directly infringed one or more claims of each of the Patents-in-Suit, induced the infringement of others, and willfully infringed.

## II. LEGAL STANDARD

Rule 12(b)(6) motions are evaluated using regional circuit law. *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Atwater Partners of Texas LLC v. AT & T, Inc.*, 2:10-CV-175-TJW, 2011 WL 1004880, at *1 (E.D. Tex. Mar. 18, 2011) (citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) and *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is appropriate where a party fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "When deciding a motion to dismiss pursuant to Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded

in the complaint must be taken as true." *WiAV Networks, LLC v. 3com Corp.*, CIV.A. 5:09- CV-101DF, 2009 WL 6048922, at *1 (E.D. Tex. Dec. 15, 2009) (denying motion to dismiss claim for patent infringement). "The 'issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim.'" *OLA, LLC v. Builder Homesite, Inc.*, 661 F. Supp. 2d 668, 672 (E.D. Tex. 2009) (granting in part and denying in part motion to dismiss involving claim for, *inter alia*, patent infringement) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

### III. DISCUSSION

#### A. PLAINTIFF ADEQUATELY PLEADS INDUCED INFRINGEMENT

To state a claim for induced infringement, a plaintiff must plausibly allege three things: (1) a third party, or the defendant in combination with a third party, infringed; (2) the defendant knew of the patent and that the acts in question would infringe; and (3) the defendant had specific intent to encourage the third party's infringement. *Achates Reference Pub., Inc. v. Symantec Corp.*, No. 2:11-CV-294-JRG-RSP, 2013 WL 693955, at *3 (E.D. Tex. Jan. 10, 2013) (denying motion to dismiss with regard to claim for induced infringement). "[N]either the patent infringement pleading form nor the holdings from the Federal Circuit require the pleading of each individual element of a claim for indirect infringement." *Fotomedia Tech., LLC v. AOL, LLC*, No. 2:07CV255, 2008 WL 4135906 at *2 (E.D. Texas Aug. 29, 2008) (recommending denial of motion to dismiss claims for indirect infringement); *see also Atwater Partners of Texas, LLC v. AT&T, Inc.*, No. 2:10-CV-175-TJW, 2011 WL 1004880 at *3 (E.D. Tex. Mar. 18, 2011) (denying motion to dismiss, and rejecting defendant's assertion that the "complaint does not sufficiently plead indirect infringement because it does not indicate the identity of the requisite third-party direct infringers and the requisite mental states").

3

Apple does not strenuously challenge the first two elements, as they are plainly met by the SAC. First, the SAC identifies Apple's "direct and indirect customers" as the underlying direct infringers. *SAC* ¶¶ 21, 26, 31, 36, 45, 50, 55. This is sufficient to meet the first element. *Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-CV-242-JRG, 2012 WL 2595288, at *10 (E.D. Tex. Jul. 3, 2012) (identifying alleged direct infringers as "end users of the above-referenced products"); *see In re Bill of Lading*, 681 F.3d 1323, 1336 (Fed. Cir. 2012) ("A plaintiff need not identify a *specific* direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists."). Second, the SAC pleads that Apple had knowledge of the Patents-in-Suit by at least August 2013. *SAC* ¶¶ 60–61. This is sufficient to meet the second element. *Lochner Techs.*, 2012 WL 2595288, at *3. Once again, Apple does not challenge this point.

Apple's only real argument relates to the third element—whether Plaintiff's SAC alleges that Apple had the specific intent to encourage its customers' infringement. On this point, Apple's argument is unconvincing. Plaintiff pleads that Apple demonstrated its specific intent to induce infringement by "selling infringing products, marketing the infringing capabilities of such products, and providing instructions, technical support and other encouragement of the use of such product." *SAC* ¶¶ 21, 26, 31, 36, 45, 50, 55. Plaintiff also pleads that Apple's conduct intended to and did result in direct infringement, which included the "making, using, selling, offering for sale, and/or importation of infringing products into the United States." *Id.*

This Court has consistently held that similar allegations are sufficient to plead induced infringement. *See Lochner*, 2012 WL 2595288, at *1 (denying motion to dismiss where plaintiff pleaded defendant was "making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '598 patent."); *Lone Star Document Mgmt., LLC v. Atalasoft, Inc.*, No. 2:11-CV-00319-

4

JRG, 2012 WL 4033322, at *4 (E.D. Tex. Sept. 12, 2012) (denying motion to dismiss as to inducement claim where plaintiff pleaded that defendant had "purposefully and voluntarily placed infringing products in the stream of commerce with the expectation that its products will be purchased by end users in the Eastern District of Texas." ); *Traffic Info., LLC v. YAHOOA Inc.*, 2:09-CV- 246-TJW-CE, 2010 WL 2545500, at *2-3 (E.D. Tex. Apr. 13, 2010) (finding allegations that "defendants 'infringe, contribute to infringement, and/or induce infringement of the '606 patent by making, using, selling, offering to sell and/or importing, and/or causing others to use' accused products and services" sufficient).

Further, the cases cited by Apple are easily distinguishable. In *ASUS*, the Court concluded that marketing documents created by a manufacturer could not be used to demonstrate the specific intent of a third party retailer. *Tierra Intellectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.,* Case No. 2:13-CV-38-JRG, 2014 WL 894805, at *2 (E.D. Tex. Mar. 4, 2014). The Court noted that even if it were to assume the retailer knew the manufacturer deliberately induced infringement, the complaint had not alleged that the retailer had taken any affirmative steps *on its own* to induce infringement by its customers. To the contrary, the SAC alleges conduct directly attributable to Apple itself, such as "selling infringing products, marketing the infringing capabilities of such products, and providing instructions, technical support, and other encouragement for the use of such products." *SAC* ¶¶ 21, 26, 31, 36, 45, 50, 55. Under this Court's precedent, this is sufficient. *See Tierra Intellectual Borinquen, Inc. v. Toshiba Am. Info. Sys., Inc.*, No. 2:13-CV-00047-JRG, 2014 WL 605431, at *3 (E.D. Tex. February 14, 2014) (holding that a defendant's user guide was sufficient to plead induced infringement). Unlike the *ASUS* complaint, the SAC does not allege claims against Apple's direct and indirect customers. *SAC* ¶¶ 21, 26, 31, 36, 45, 50, 55.

5

Similarly, in *Intellectual Ventures*, the plaintiff failed to plead *any* facts relating to the defendant's intent or knowledge. Instead, it merely pleaded that defendants advertised the accused products on their website. *Intellectual Ventures I LLC v. Bank of Am. Corp.*, Case No. 3:13-CV-358-RJC-DSC, 2014 WL 868713, at *2, *3 (W.D.N.C. Mar. 5, 2014). Here, by contrast, Plaintiff pleads that Defendants intended to infringe and that their conduct resulted in infringement. *SAC* ¶¶ 21, 26, 31, 36, 45, 50, 55.[1] Also, in *Clear with Computers*, the Court granted the motion to dismiss the indirect infringement claims because the plaintiff failed to identify a direct infringer in reference to its indirect infringement claims.[2] *Clear With Computers, LLC v. Bergdorf Goodman, Inc.*, Case No. 6:09-CV-4881, 2010 WL 3155888, at *4

---

[1] Similarly, in the other cases cited by Apple, the plaintiffs had failed to plead facts to support a reasonable inference that defendants had intended to induce infringement or knew that they had induced infringement. *Superior Indus., LLC v. Thor Global Enters. Ltd.*, 700 F.3d 1287, 1295 (Fed. Cir. 2012) ("Superior does not allege any facts to support a reasonable inference that Thor specifically intended to induce infringement of the '231 Patent or that it knew it had induced acts that constitute infringement"); *Grobler v. Sony Computer Entm't Am, LLC*, Case No. 5:12-CV-01526-LHK, 2013 WL 308937, at *3 (N.D. Cal. Jan. 25, 2013) ("Grobler has not, however, alleged sufficient facts supporting an inference of intent to induce infringement."); *Trans Video Elecs., Ltd. v. Netflix, Inc.*, Case No. 12-1743-LPS, 2014 WL 900929, at *4 (D. Del. Mar. 4, 2014) (pleading only that defendant had provided instructions to its customers as to how to use the accused product in a way that infringed the patent, and not pleading specific intent). Because Plaintiff pleads that Defendants intended to induce infringement by causing, urging, encouraging, aiding and abetting their direct and indirect customers to make, use, sell, offer for sale, and/or import infringing products, this deficiency is not present in Plaintiff's SAC. *SAC* ¶¶ 21, 26, 31, 36, 45, 50, 55.

[2] Moreover, *In re Bill of Lading* actually supports Plaintiff's position. In that case, the Federal Circuit criticized the district court's failure to draw all reasonable inferences in favor of the non-moving party, ultimately holding that when the allegations were considered as a whole, and the facts were considered in the context of the technology disclosed in the patent and the relevant industry, the inferences plaintiff asked to be drawn were both reasonable and plausible. *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012) ("Because the [amended complaint] gives [defendant] fair notice of what [plaintiff's] claim is and the facts upon which it rests, and the claim of induced infringement is plausible on those facts, we conclude that the district court erred when it dismissed [plaintiff's amended complaint].").

(E.D. Tex. Mar. 29, 2010).  Here, the SAC plainly states that Apple's "direct and indirect customers" are the underlying direct infringers.  *SAC* ¶¶ 21, 26, 31, 36, 45, 50, 55.

Finally, Apple claims that the SAC is insufficient because "all allegations are generic to the five 'Defendants.'"  *Mot.* at 6.  This argument was rejected in *Lodsys, LLC v. Brother Intern. Corp.*, No. 2:11-cv-90-JRG, 2012 WL 760729, at *4 (E.D. Tex. Mar. 8, 2012).  The *Lodsys* court noted that plaintiff's complaint stated individualized allegations for each defendant.  *Id.*  Here, too, Plaintiff's SAC is particularized as to each Defendant, and addresses Defendants together where appropriate.  *Compare* No. 2:11-cv-90-JRG, Dkt. # 1 at ¶¶ 38-40 *with SAC* ¶¶ 19-21.

### B. ZIILABS ADEQUATELY PLEADS WILLFUL INFRINGEMENT

Apple argues that ZiiLabs fails to state a claim for willful patent infringement, citing the elements of proof for willful infringement laid out in *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).  *In re Seagate* "address[es] what is necessary to prove a claim of willfulness, not whether a plaintiff has sufficiently alleged willful infringement as a pleading matter." *Rambus, Inc. v. Nvidia Corp.*, No. C 08 3343, 2008 WL 4911165, at *2 (N.D. Cal. Nov. 13, 2008).  At this stage of the litigation, Plaintiff need not establish what is required by *In re Seagate* in order for the court to make a finding that willfulness is adequately plead.  Rather, all that is required is "a pleading equivalent to 'with a knowledge of the patent and of his infringement.'" *Jardin* v. *Datallegro, Inc.*, No. 08 CV 1462, 2009 WL 186194, at *7 (S.D. Cal. Jan. 20, 2009) (quotations omitted).  Plaintiff has pleaded facts beyond what is required by Federal Rule of Civil Procedure 8.  *See* SAC ¶¶ 59-61 (alleging that Apple was notified of Plaintiff's patent portfolio prior to the initiation of this lawsuit and that the parties engaged in ongoing discussions regarding Plaintiff's patent portfolio).

7

3234513v1/013983

Claims of willful infringement need not be pleaded with particularity. In *FotoMedia*, for example, the plaintiff's complaint did "not detail how the defendants are alleged to have willfully infringed the patents-in-suit." *Fotomedia*, 2008 WL 4135906 at *2. The complaint alleged only that the defendants' "acts of infringement of the [patents had] been willful, deliberate, and in reckless disregard of [plaintiff's] patent rights." No. 2:07CV255, Dkt. # 64, ¶¶ 22, 26, 30. The Court held that the "level of detail provided by [plaintiff] in its allegations of indirect infringement are similar to those approved by Form [18], the Federal Circuit, and the courts in this district" and the "same is true for the allegations of willful infringement." *Id.* Other courts have similarly recognized that willful infringement need not be pleaded with particularity. *See Lodsys*, 2012 WL 760729, at *4 ("This Court has observed that, much like direct infringement and its pleading requirements. . . the bar for pleading willful infringement is not high . . . Here, [defendant] admits that [plaintiff] does plead 'some limited factual basis regarding knowledge' . . . The Court finds that [plaintiff's] Complaint pleads sufficient facts to state a plausible claim for relief for willful infringement . . .") (citing *Fotomedia*, 2008 WL 4135906, at *2); *MobileMedia Ideas LLC v. HTC Corp.*, No. 2:10-cv-112-TJW, 2011 WL 4347027, at *2 (E.D. Tex. Sept. 15, 2011) (same); *Rambus, Inc. v. Nvidia Corp.*, C 08-3343 SI, 2008 WL 4911165, *2 (N.D. Cal. Nov. 13, 2008) ("Defendant moves to dismiss plaintiff's claims of willful infringement because plaintiff does not allege that defendant knew or should have known that its activities had a high likelihood of infringing the asserted patents. …. The Court agrees with plaintiff, and finds that it is sufficient to allege that defendant's infringement has been "deliberate" and in "disregard" of the patents…. While plaintiff's complaint could be more factually detailed, the Court finds that it sufficiently alleges willful infringement."). Because Plaintiff has pleaded that Apple was aware of Plaintiff's ownership of the Patents-in-

Suit prior to the commencement of this litigation, *see* SAC ¶¶ 59-61, it is premature at this stage of the proceedings to find that Apple did not willfully infringe.[3] "[N]o discovery has commenced, and the Court's mandate at this stage of the proceedings is to assume that all allegations in a plaintiff's complaint are true." *Loops, LLC* v. *Amercare Prods., Inc.*, 636 F. Supp. 2d 1128, 1135 (W.D. Wash. 2008) (declining to dismiss plaintiff's willfulness allegation where the complaint alleged simply, "[t]he infringement was, and continues to be, willful").

The allegation for willful infringement in this case differs from the allegation in *Achates*, cited by Apple. In *Achates*, this Court found the following allegation insufficient: "Achates distributed software marked with the '889 patent and the '403 patent numbers. Additionally, Achates has previously brought an action in this Court to enforce the '889 and '403 patents. Upon information and belief, defendants were aware of the '889 patent and the '403 patent and their infringement has been, and continues to be, willful." *Achates Reference Pub., Inc. v. Symantec Corp.*, No. 2:11-CV-294 JRG-RSP, Dkt. 176, ¶ 56. In the briefing on the motion to dismiss, defendant Symantec argued that Achates had failed to plausibly establish that Symantec had knowledge of the asserted patents prior to filing the lawsuit. No. 2:11-CV-294, JRG-RSP, Dkt. # 187 at 7. Here, by contrast, Plaintiff pleads that Apple had knowledge of the asserted patents prior to filing the lawsuit. Not only did Plaintiff send Apple a letter that identified all of the asserted patents, but the parties also engaged in continued communications regarding Plaintiff's patent portfolio. *SAC* ¶¶ 59-61.

---

[3] Apple's Motion does not accurately describe the notice letter cited in the SAC. In the letter, Plaintiff notified Apple that it infringed "*at least* [the] 40 ZiiLabs US patents" listed in the exhibit. SAC, Ex. 12 (emphasis added). The letter did not say, as Apple contends, that Plaintiff believed Apple did not infringe the remaining 66 patents. If Plaintiff believed Apple did not infringe the remaining 66 ZiiLabs patents, there would be no reason to include them in the notice letter.

9

Further, to the extent Apple attempts to argue that Plaintiff's letter to Apple regarding the asserted patents is insufficient to establish willful infringement, this argument is without merit. Even if Plaintiff had never sent Apple a letter, Plaintiff specifically pleaded that "[s]ince at least August 2013, Apple and ZiiLabs have had continuing communications about the ZiiLabs patent portfolio, including the Patents-in-suit."[4] *SAC* ¶ 61. Because all of Plaintiff's allegations are to be taken as true for purposes of a motion to dismiss, Plaintiff's allegation that it had continuing communications with Apple about the Patents-in-Suit prior to commencing litigation is sufficient to establish Apple's knowledge of the Patents-in-Suit and Apple's infringement.

The other cases cited by Apple are inapposite. In *McRo*, the complaint did not contain sufficient factual detail to indicate that defendants were or should have been aware that they were committing patent infringement at any point. *McRo, Inc. v. Rockstar Games, Inc.*, Case Nos. 12-1513, 12-1517, 12-1519, 2014 WL 1051527, at *7 (D. Del. Mar. 17, 2014). Here, the SAC explains that Plaintiff had continuing discussions with Apple since at least August 2013. *SAC* ¶¶ 60-61. Moreover, the SAC pleads that Plaintiff's predecessor-in-interest, 3D Labs, Inc., Ltd., had ongoing discussions with Apple of the patent portfolio that encompasses the Patents-in-Suit as early as 2006 and 2007. *SAC* ¶ 59. Similarly, in *Seoul,* the Court examined a letter sent by plaintiffs to defendants, and could not "plausibly infer that it notified Defendants of *all* asserted patents in 2007." *Seoul Laser Dieboard Sys. Co. v. Serviform S.r.l.*, 957 F. Supp. 2d 1189, 1197 (S.D. Cal. 2013). In this case, Plaintiff's letter *did* notify Apple of all asserted patents. *See* Ex. 12, Annex A. Similarly, even if ZiiLabs had not sent a notice letter, Plaintiff pleaded that it had ongoing discussions with Apple regarding the Patents-in-Suit. *Cf. Seoul*, 957 F. Supp. 2d at 1197 (finding plaintiff's attempts to cure deficiencies insufficient where plaintiff

---

[4] Additionally, Plaintiff notes that the letter Plaintiff sent to Apple on August 7, 2013 did identify all of the Patents-in-Suit in Annex A.

10

asserted other bases' for defendants' knowledge in its opposition brief, but had not pleaded those facts in the complaint).

## IV. LEAVE TO AMEND

"When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice." *Reyes v. Nationwide Prop. & Cas. Ins. Co.*, CIV. H-11-0881, 2011 WL 1467751, at *2 (S.D. Tex. Apr. 18, 2011) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). In the event the Court grants any portion of Apple's Motion to Dismiss, Plaintiff respectfully requests leave to file a third amended complaint.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Apple's Motion to Dismiss.

Dated: July 11, 2014

Respectfully submitted,

*/s/ Stephen D. Susman (by permission K. Kauble)*
Stephen D. Susman (Texas Bar No. 19521000)
ssusman@susmangodfrey.com
Max L. Tribble, Jr. (Texas Bar No. 20213950)
mtribble@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1000 Louisiana, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Kalpana Srinivasan (California Bar No. 237460)
ksrinivasan@susmangodfrey.com
Krysta Kauble (California Bar No. 280951)
kkauble@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, California 90067

Telephone:  310) 789-3100
Facsimile:  (310) 789-3150

Michael F. Heim (Texas Bar No. 09380923)
mheim@hpcllp.com
Blaine A. Larson (Texas No. 24083360)
blarson@hpcllp.com
**HEIM, PAYNE & CHORUSH, LLP**
600 Travis Street, Suite 6710
Houston, Texas 77002-2912
Telephone:  (713) 221-2000
Facsimile:  (713) 221-2021

Douglas R. Wilson (Texas Bar No. 24037719)
dwilson@hpcllp.com
**HEIM, PAYNE & CHORUSH, LLP**
9442 Capital of Texas Hwy.
Plaza I, Suite 500-146
Austin, Texas 78759
Telephone:  (512) 343-3622
Facsimile:  (512) 345-2924

S. Calvin Capshaw (Texas Bar No. 03783900)
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux (Texas Bar No. 05770585)
ederieux@capshawlaw.com
D. Jeffrey Rambin (Texas Bar No. 00791478)
jrambin@capshawlaw.com
**CAPSHAW DERIEUX LLP**
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone:  (903) 236-9800
Facsimile:  (903) 236-8787

T. John Ward, Jr. (Texas Bar No. 00794818)
jw@wsfirm.com
Claire Abernathy Hentry (Texas Bar No. 24053063)
claire@wsfirm.com
**WARD & SMITH LAW FIRM**
1127 Judson Road, Suite 220
Longview, Texas 75601
Telephone:  (903) 757-6400
Facsimile:  (903) 757-2323

*Attorneys for Plaintiff,*
*ZiiLabs Inc., Ltd.*

12

3234513v1/013983

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2014, counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                                */s/ Krysta Kauble*
                                                 Krysta Kauble

3234513v1/013983