# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| ZIILABS INC., LTD., | § |
| | § |
| Plaintiff, | § |
| | § Civil Action No. 2:14-CV-00203 |
| vs. | § |
| | § Jury Trial Requested |
| | § |
| SAMSUNG ELECTRONICS CO. LTD.; | § |
| SAMSUNG ELECTRONICS AMERICA, INC.; | § |
| SAMSUNG TELECOMMUNICATIONS | § |
| AMERICA, LLC; SAMSUNG AUSTIN | § |
| SEMICONDUCTOR, LLC; and APPLE INC. | § |
| | § |
| Defendants. | § |
| | § |

**ZiiLabs Inc., Ltd.'s Response to Samsung Defendants' Rule 12(b)(6)
Motion to Dismiss for Failure to State a Claim**

# TABLE OF CONTENTS

Page

I.     BACKGROUND ........................................................................................................2

II.    LEGAL STANDARD ...............................................................................................2

III.   DISCUSSION ..........................................................................................................3

      A.    ZiiLabs Adequately Pleads Induced Infringement .....................................3

      B.    ZiiLabs Adequately Pleads Indirect Infringement ....................................9

      C.    ZiiLabs Adequately Pleads Willful Infringement ...................................10

IV.   LEAVE TO AMEND..............................................................................................14

V.    CONCLUSION ......................................................................................................14

# TABLE OF AUTHORITIES

<u>Cases</u>

*Achates Reference Pub., Inc. v. Symantec Corp.*,
    No. 2:11-CV-294-JRG-RSP, 2013 WL 693955 (E.D. Tex. Jan. 10, 2013)................. 4, 12

*Atwater Partners of Texas LLC v. AT & T, Inc.*,
    2:10-CV-175-TJW, 2011 WL 1004880 (E.D. Tex. Mar. 18, 2011) .............................. 2, 5

*Bel Fuse Inc. v. Molex, Inc.*,
    CIV A 13-2566 JBS, 2014 WL 2710956 (D.N.J. June 16, 2014) ...................................... 9

*Black & Decker Inc. v. Robert Bosch Tool Corp.*,
    No. 04 C 7955, 2006 WL 3783006 (N.D. Ill. Dec. 22, 2006) ......................................... 18

*Cardsoft (Assignment for the Benefit of Creditors), LLC v. The Gores Group, LLC*
    No. 2-12-CV-325-JRG-RSP, 2013 WL 6046827 (E.D. Tex. Sept. 19, 2013)................... 8

*Clear With Computers, LLC v. Bergdorf Goodman, Inc.*,
    No. 6:09CV481, 2010 WL 3155888 (E.D. Tex. Mar. 29, 2010) ..................................... 10

*CoreBrace LLC v. Star Seismic LLC*,
    566 F.3d 1069 (Fed. Cir. 2009)....................................................................................... 2

*Fotomedia Tech., LLC v. AOL, LLC*,
    No. 2:07CV255, 2008 WL 4135906 (E.D. Texas Aug. 29, 2008) .............................. 5, 15

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*,
    313 F.3d 305 (5th Cir. 2002) ........................................................................................ 19

*Grobler v. Sony Computer Entm't Am. LLC*,
    5:12-CV-01526-LHK, 2013 WL 308937 (N.D. Cal. Jan. 25, 2013) ................................. 9

*In re Bill of Lading Transmission and Proceeding Sys. Patent Litig*,
    681 F.3d 1323 (Fed. Cir. 2012)....................................................................................... 6

*In re Seagate Tech., LLC*,
    497 F.3d 1360 (Fed. Cir. 2007)...................................................................................... 14

*InMotion Imagery Techs. v. Brain Damages Films*,
    Case No. 2:11-CV-414-JRG, 2012 WL 3283371 (E.D. Tex. Aug. 10, 2012)................. 12

*Intellectual Ventures I LLC v. Bank of Am., Corp.*,
    No. 3:13-CV-358-RJC-DSC, 2014 U.S. Dist. LEXIS 28132 (W.D.N.C. Mar. 5, 2014) ... 8

*Jardin* v. *Datallegro, Inc.*,
    No. 08 CV 1462, 2009 WL 186194 (S.D. Cal. Jan. 20, 2009) ........................................ 14

*Jones v. Greninger*,
 188 F.3d 322 (5th Cir. 1999) ...................................................................... 3, 4

*Lochner Techs., LLC v. AT Labs Inc.*,
 No. 2:11-CV-242-JRG, 2012 WL 2595288 (E.D. Tex. Jul. 3, 2012)...................... 5, 6, 12

*Lodsys, LLC v. Brother Intern. Corp.*,
 No. 2:11-cv-90-JRG, 2012 WL 760729 (E.D. Tex. Mar. 8, 2012)........................... 11, 15

*Lone Star Document Mgmt., LLC v. Atalasoft, Inc.*,
 No. 2:11-CV-00319-JRG, 2012 WL 4033322 (E.D. Tex. Sept. 12, 2012) ................ 6, 13

*Loops, LLC* v. *Amercare Prods., Inc.*,
 636 F. Supp. 2d 1128 (W.D. Wash. 2008)...................................................... 16

*Lormand v. U.S. Unwired, Inc.*,
 565 F.3d 228 (5th Cir. 2009) ...................................................................... 2

*Lowrey v. Texas A & M Univ. Sys.*,
 117 F.3d 242 (5th Cir. 1997) ...................................................................... 3

*McRo, Inc. v. Rockstar Games, Inc.*,
 Case Nos. 12-1513, 12-1517, 12-1519, 2014 WL 1051527 (D. Del. Mar. 17, 2014) ...... 18

*Medtrica Solutions, Ltd. v. Cygnus Med., LLC*,
 No. C12-538, 2012 WL 5726799 (W.D. Wash. Nov. 15, 2012) ........................ 8

*MobileMedia Ideas, LLC v. HTC Corp.*,
 No. 2:10-cv-112-TJW, 2011 WL 4347027 (E.D. Tex. Sept. 15, 2011) ................ 15

*Mondis Tech. Ltd. v. Top Victory Elecs. Co.*,
 Case No. 2:08-CV-478-TJW, 2010 U.S. Dist. LEXIS 76637 (E.D. Tex. Jul. 29, 2010) . 13

*OKI Elec. Indus. Co., Ltd. v. LG Semicon Co., Ltd.*,
 CIV. 97-20310 SW, 1998 WL 101737 (N.D. Cal. Feb. 25, 1998) .................. 11

*OLA, LLC v. Builder Homesite, Inc.*,
 661 F. Supp. 2d 668 (E.D. Tex. 2009) ........................................................ 3

*Oracle Corp. v. DrugLogic, Inc.*,
 807 F. Supp. 2d 885 (N.D. Cal. 2011) ........................................................ 17

*Pacing Techs., LLC v. Garmin Int'l, Inc.*,
 No. 12-CV-1067, 2013 WL 444642 (S.D. Cal. Feb. 5, 2013)............................ 8

*Paice LLC v. Hyundai Motor Co.*,
 No. WDQ-12-0499, 2013 WL 1316318 (D. Md. Mar. 27, 2013) .................... 17

*Radiation Stabilization Solutions LLC v. Accuray, Inc.*,
    No. 11-CV-07700, 2012 WL 3621256 (N.D. Ill. Aug. 21, 2012) ..................................... 7

*Rambus, Inc. v. Nvidia Corp.*,
    No. C, 08 3343, 2008 WL 4911165 (N.D. Cal. Nov. 13, 2008) ................................ 14, 16

*Reyes v. Nationwide Prop. & Cas. Ins. Co.*,
    CIV. H-11-0881, 2011 WL 1467751 (S.D. Tex. Apr. 18, 2011) ................................... 19

*Savage v. Tweedy*,
    3:12-CV-1317-HZ, 2012 WL 6618184 (D. Or. Dec. 13, 2012) ................................... 11

*Seoul Laser Dieboard Sys. Co. v. Serviform S.r.l.*,
    957 F. Supp. 2d 1189 (S.D. Cal. 2013) .................................................................... 18, 19

*Sony Corp. v. LG Electronics USA, Inc.*,
    768 F. Supp. 2d 1058 (C.D. Cal. 2011) .................................................................... 17, 19

*Superior Indus., LLC v. Thor Global Enters. Ltd.*,
    700 F.3d 1287 (Fed. Cir. 2012) ........................................................................................ 9

*Tierra Intellectual Borinquen, Inc. v. ASUS Computer Int'l*, Inc.,
    Case No. 2:13-CV-38-JRG, 2014 WL 894805 (E.D. Tex. Mar. 4, 2014) ...................... 10

*Tierra Intellectual Borinquen, Inc. v. Toshiba Am. Info. Sys. Inc.*,
    No. 2:13-CV-00047-JRG, 2014 WL 605431 (E.D. Tex. Feb. 14, 2014) ........................ 10

*Traffic Info., LLC v. YAHOOA Inc.*,
    2:09-CV-246-TJW-CE, 2010 WL 2545500 (E.D. Tex. Apr. 13, 2010) ............................ 7

*Trans Video Elecs. Ltd. v. Netflix, Inc.*,
    No. 12-1743-LPS, 2014 WL 900929 (D. Del. Mar. 4, 2014) ........................................... 9

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,
    No. 6:12-CV-366-MHS-JDL, 2013 U.S. Dist. LEXIS 187806 (E.D. Tex. Feb. 7, 2013) 13

*Unilin Beheer B.V. v. Tropical Flooring*,
    CV-14-02209 BRO (SSx), 2014 U.S. Dist. LEXIS 85955 (C.D. Cal. Jun. 13, 2014)...... 12

*WiAV Networks, LLC v. 3com Corp.*,
    CIV.A. 5:09- CV-101DF, 2009 WL 6048922 (E.D. Tex. Dec. 15, 2009) ......................... 3

<u>Rules</u>

Federal Rule of Civil Procedure 12(b)(6) ........................................................................... 3

Federal Rule of Civil Procedure 8 ..................................................................................... 15

Instead of addressing the adequacy of Plaintiff ZiiLabs' ("ZiiLabs") factual allegations, the Samsung Defendants'[1] motion to dismiss incorrectly claims that ZiiLabs made only bare legal conclusions in its Second Amended Complaint ("SAC"). Dkt. # 47 ("Motion"). Samsung rehashes many of the same arguments made by Apple in its own 12(b)(6) motion. Dkt. #42. Samsung's Motion should be denied because ZiiLabs' SAC meets the required standard: it states its claim for relief against Samsung and puts Samsung on notice of the accused products and infringing conduct at issue. No more is required under this Court's precedent at the pleading stage of litigation.

Although the pleading standard for induced infringement does not require facts supporting each element of infringement, ZiiLabs has pleaded such facts here. As to the contested element of induced infringement – specific intent – ZiiLabs not only pleaded that Samsung specifically intended to induce infringement, but pleaded specific facts supporting this inference: for example, that Samsung advertised the infringing capabilities of the accused products and provided instructions and technical support. Instead of analyzing these facts, Samsung simply claims that ZiiLabs has only pleaded legal conclusions.

As to ZiiLabs' claim for indirect infringement, the SAC clearly describes the relationship between Samsung and Apple for purposes of the indirect infringement allegations. That is, while Samsung is liable as a direct infringer for its manufacture of certain Apple system-on-chip ("SoC") processors, it is also liable for indirect infringement for manufacturing the processors that are used in conjunction with other functionality in the Accused Apple devices. Samsung does not address these allegations and simply claims that the SAC is insufficient.

Finally, as to the claim for willful infringement, ZiiLabs plainly sent Samsung a notice letter, which is sufficient to state a claim for willful infringement. Samsung makes unconvincing arguments about the pleading requirements for willful infringement that conflate the pleading

---

[1] Defendants Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), Samsung Telecommunications America, LLC ("STA"), and Samsung Austin Semiconductor, LLC's ("SAS") will be referred to collectively as "Samsung" (together with Apple, "Defendants").

standard with the standard of proof at trial. Like claims for induced infringement and indirect infringement, the bar for willful infringement claims is not high under Rule 8, and ZiiLabs has plainly stated its claim for relief against Samsung and put Samsung on notice of the accused products and infringing conduct at issue.

## I.    <u>BACKGROUND</u>

ZiiLabs is the assignee of U.S. Patent Nos. 5,831,637 ("the '637 Patent"), 5,835,096 ("the '096 Patent"), 6,111,584 ("the '584 Patent"), 6,683,615 ("the '615 Patent"), 6,977,649 ("the '649 Patent"), 7,050,061 ("the '061 Patent"), 7,187,383 ("the '383 Patent"), 7,710,425 ("the '425 Patent"), and 8,144,156 ("the '156 Patent"). *SAC* ¶ 2. These patents are referred to collectively as the "Patents-in-Suit." *Id.* The Patents-in-Suit relate to various aspects of graphics processing, including graphics virtual memory management, texture storage and processing, two-dimensional and three-dimensional rendering, and graphics processing architectures. ZiiLabs' SAC alleges that Defendants Samsung and Apple (with Samsung, "Defendants") have infringed all nine of the Patents-in-Suit. As detailed in the SAC, ZiiLabs alleges that Defendants directly infringed one or more claims of each of the Patents-in-Suit, induced the infringement of others, and willfully infringed.

## II.    <u>LEGAL STANDARD</u>

Rule 12(b)(6) motions are evaluated using regional circuit law. *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Atwater Partners of Texas LLC v. AT & T, Inc.*, 2:10-CV-175-TJW, 2011 WL 1004880, at *1 (E.D. Tex. Mar. 18, 2011) (citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) and *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is appropriate where a party fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). "When deciding a motion to dismiss pursuant to Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *WiAV Networks, LLC v. 3com Corp.*, CIV.A. 5:09- CV-

101DF, 2009 WL 6048922, at *1 (E.D. Tex. Dec. 15, 2009) (denying motion to dismiss claim for patent infringement). "The 'issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim.'" *OLA, LLC v. Builder Homesite, Inc.*, 661 F. Supp. 2d 668, 672 (E.D. Tex. 2009) (granting in part and denying in part motion to dismiss involving claim for, *inter alia*, patent infringement) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

## III. DISCUSSION

### A. ZiiLabs Adequately Pleads Induced Infringement

ZiiLabs' SAC satisfies the requirement for alleging induced infringement by identifying the third party infringer, *SAC* ¶¶ 21, 26, 31, 36, 45, 50, 55; alleging that Samsung was aware of its infringement vis-à-vis a notice letter, *id.* ¶¶ 57-58; and alleging that Samsung specifically intended to encourage the infringement of its direct and indirect customers. *Id.* ¶¶ 21, 26, 31, 36, 45, 50, 55. Specifically, ZiiLabs both pleaded that Samsung specifically intended to encourage infringement and pleaded facts supporting an inference that Samsung specifically intended to encourage infringement. *Id.* For example, ZiiLabs pleads that Samsung advertised infringing capabilities of the accused products and provided instructions, technical support, and other encouragement of the use of these products. *Id.*

To state a claim for induced infringement, a plaintiff must plausibly allege three things: (1) a third party, or the defendant in combination with a third party, infringed; (2) the defendant knew of the patent and that the acts in question would infringe; and (3) the defendant had specific intent to encourage the third party's infringement. *Achates Reference Pub., Inc. v. Symantec Corp.*, No. 2:11-CV-294-JRG-RSP, 2013 WL 693955, at *3 (E.D. Tex. Jan. 10, 2013) (denying motion to dismiss with regard to claim for induced infringement). Samsung argues that *Achates* supports its position, but *Achates* actually supports ZiiLabs' position. The Court in *Achates* acknowledged that where there are facts that support an inference of specific intent, the pleading standard is met. *Achates*, 2013 WL 693955, at *3 ("The Complaint alleges that Symantec sells software products that contain an activation component. In order to be an

effective anti-piracy countermeasure, Symantec's software products must require that the activation step be mandatory. Therefore, it is reasonable to infer that Symantec encourages its customers to use its software products and complete the activation step."). Here, too, ZiiLabs' allegations that Defendants marketed the infringing capabilities of the accused products and provided technical support for use of such products support an inference. "[N]either the patent infringement pleading form nor the holdings from the Federal Circuit require the pleading of each individual element of a claim for indirect infringement." *Fotomedia Tech., LLC v. AOL, LLC*, No. 2:07CV255, 2008 WL 4135906, at *2 (E.D. Texas Aug. 29, 2008) (recommending denial of motion to dismiss claims for indirect infringement); *see also Atwater Partners of Texas, LLC v. AT&T, Inc.*, No. 2:10-CV-175-TJW, 2011 WL 1004880, at *3 (E.D. Tex. Mar. 18, 2011) (denying motion to dismiss, and rejecting defendant's assertion that the "complaint does not sufficiently plead indirect infringement because it does not indicate the identity of the requisite third-party direct infringers and the requisite mental states").[2]

Like Apple, Samsung does not strenuously challenge the first two elements, as they are plainly met by the SAC. First, the SAC identifies Samsung's "direct and indirect customers" as the underlying direct infringers. *SAC* ¶¶ 21, 26, 31, 36, 45, 50, 55. This is sufficient to meet the first element. *Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-CV-242-JRG, 2012 WL 2595288, at *10 (E.D. Tex. Jul. 3, 2012) (identifying alleged direct infringers as "end users of the above-referenced products"); *see In re Bill of Lading*, 681 F.3d 1323, 1336 (Fed. Cir. 2012) ("A plaintiff need not identify a *specific* direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists."). Second, the SAC pleads that Samsung had knowledge of the Patents-in-Suit by at least August 2013 and had knowledge that its actions

---

[2] This standard is supported by the Federal Circuit's decision in *In re Bill of Lading*, which acknowledged that the "Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met." *In re Bill of Lading Transmission and Proceeding Sys. Patent Litig.*, 681 F.3d 1323, 1335 (Fed. Cir. 2012). As to the claims for induced infringement, the court reversed the lower court for failing to draw all reasonable inferences in favor of the plaintiffs. *Id.* at 1340-46.

infringed. *SAC* ¶¶ 57-58. This is sufficient to meet the second element. *Lochner Techs.*, 2012 WL 2595288, at *3. Apple did not challenge this point in its motion. Samsung half-heartedly challenges it (Motion at 9), but the SAC plainly meets this requirement.

Samsung's only real argument relates to the third element —whether ZiiLabs' SAC alleges that Samsung had the specific intent to encourage its customers' infringement. ZiiLabs pleads that Samsung demonstrated its specific intent to induce infringement by "selling infringing products, marketing the infringing capabilities of such products, and providing instructions, technical support and other encouragement of the use of such product." *SAC* ¶¶ 21, 26, 31, 36, 45, 50, 55. ZiiLabs also pleads that Samsung's conduct intended to and did result in direct infringement, which included the "making, using, selling, offering for sale, and/or importation of infringing products into the United States." *Id.*

This Court has consistently held that similar allegations are sufficient to plead induced infringement. *See Lochner*, 2012 WL 2595288, at *1 (denying motion to dismiss where plaintiff pleaded defendant was "making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '598 patent"); *Lone Star Document Mgmt., LLC v. Atalasoft, Inc.*, No. 2:11-CV-00319-JRG, 2012 WL 4033322, at *4 (E.D. Tex. Sept. 12, 2012) (denying motion to dismiss as to inducement claim where plaintiff pleaded that defendant had "purposefully and voluntarily placed infringing products in the stream of commerce with the expectation that its products will be purchased by end users in the Eastern District of Texas" ); *Traffic Info., LLC v. YAHOOA Inc.*, 2:09-CV-246-TJW-CE, 2010 WL 2545500, at *2-3 (E.D. Tex. Apr. 13, 2010) (finding allegations that "defendants 'infringe, contribute to infringement, and/or induce infringement of the '606 patent by making, using, selling, offering to sell and/or importing, and/or causing others to use' accused products and services" sufficient).

Samsung attempts to argue that ZiiLabs has failed to allege facts that would support an inference of specific intent. However, ZiiLabs pleaded that Samsung's conduct was "intended to and actually resulted in direct infringement." *SAC* ¶¶ 21, 26, 31, 36, 45, 50, 55. Other courts

have recognized that similar allegations are sufficient to support an inference of specific intent. *See InMotion Imagery Techs., LLC v. Imation Corp.*, Case No. 2:12-CV-298-JRG, 2013 U.S. Dist. LEXIS 41830, at \*16-17 (E.D. Tex. Mar. 26, 2013) (refusing to dismiss induced infringement claim when the plaintiff pled that "the filing of this lawsuit provides notice of the asserted patents and provides a sufficient basis to allege the knowledge and intent necessary to sustain allegations of indirect infringement"); *Radiation Stabilization Solutions LLC v. Accuray, Inc.*, No. 11-CV-07700, 2012 WL 3621256, at \*4 (N.D. Ill. Aug. 21, 2012) (inferring specific intent from allegations that a defendant, on "information and belief," was inducing infringement "at least as of the date of the filing of this complaint" and that its machine infringed plaintiff's patent).

Further, Samsung's knowledge of the infringement, coupled with its marketing of the infringing capabilities of the accused products and providing instructions relating to the accused products, is sufficient to support an inference of induced infringement. *See Cardsoft, LLC v. The Gores Group, LLC*, 2:12-CV-325-JRG-RSP, 2013 WL 6046827, at \*1 (E.D. Tex. Sept. 19, 2013) (finding the following allegation sufficient to show specific intent: "The infringing acts include at least the manufacture, use, sale and/or offer for sale of ePOS terminals, and/or inducing and contributing to the manufacture, use, sale and/or offer for sale of ePOS terminals"); *see also* 2-12-CV-325-JRG-RSP, Dkt. #1, ¶¶ 11, 16; *Pacing Techs., LLC v. Garmin Int'l, Inc.*, No. 12-CV-1067, 2013 WL 444642, at \*3 (S.D. Cal. Feb. 5, 2013) (finding allegations sufficient to support an inference of specific intent where defendant instructed how to engage in an infringing use); *Medtrica Solutions, Ltd. v. Cygnus Med., LLC*, No. C12-538, 2012 WL 5726799, at \*2 (W.D. Wash. Nov. 15, 2012) ("[T]he Court may infer specific intent here from the allegations regarding Medtrica's website and marketing materials, as well as the instructions for using the Appli–Kit."). Taken all together, ZiiLabs' SAC more than satisfies the specific intent pleading requirement.

The cases cited by Samsung relating to specific intent are distinguishable because ZiiLabs' SAC contains allegations showing that Samsung knew its conduct was inducing

infringement.  For example, in *Intellectual Ventures*, the court determined that advertising in and of itself was not sufficient to support an inference of infringement.  *Intellectual Ventures I LLC v. Bank of Am., Corp.*, 2014 U.S. Dist. LEXIS 28132, at *7-8 (W.D.N.C. Mar. 5, 2014).  Here, Samsung has marketed the *infringing capabilities of the accused products*, and not just the products themselves.  *SAC* ¶¶ 21, 26, 31, 36, 45, 50, 55.[3]  Similarly in *Trans Video*, the court found that instructions were insufficient where plaintiff failed to plead how defendant's customers' actions amounted to infringement.  *See Trans Video Elecs. Ltd. v. Netflix, Inc.*, No. 12-1743-LPS, 2014 WL 900929, at *4 (D. Del. Mar. 4, 2014).  Here, by contrast, ZiiLabs pleaded that Samsung's customers' actions amounted to infringement because their conduct "was intended to and actually resulted in direct infringement, including the making, using, selling, offering for sale, and/or importation of infringing products in the United States and the use of infringing methods in the United States."  *SAC* ¶¶ 21, 26, 31, 36, 45, 50, 55.  Likewise, *Grobler* is easily distinguishable because the plaintiff only vaguely referenced "activities" that encouraged and assisted customers in inducement.  *Grobler v. Sony Computer Entm't Am. LLC,* 5:12-CV-01526-LHK, 2013 WL 308937, at *3 (N.D. Cal. Jan. 25, 2013).  Here, ZiiLabs has identified particular conduct, *i.e.*, advertising infringing capabilities of the accused products, and providing instructions, technical support, and other encouragement of the use of these products.  Finally, *Clear With Computers* failed to identify a direct infringer.  *Clear With Computers, LLC v. Bergdorf Goodman, Inc.*, No. 6:09CV481, 2010 WL 3155888, at *4 (E.D. Tex. Mar. 29, 2010).  Here, the SAC identifies Samsung's "direct and indirect customers" as the underlying direct infringers.  *SAC* ¶¶ 21, 26, 31, 36, 45, 50, 55.

ASUS, also relied on by Samsung, is distinguishable.  In *ASUS*, the court concluded that marketing documents created by a manufacturer could not be used to demonstrate the specific intent of a third party retailer.  *Tierra Intellectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*,

---

[3] *Superior* is also distinguishable because the SAC does not establish that the accused products have substantial non-infringing uses.  *Compare Superior Indus., LLC v. Thor Global Enters. Ltd.*, 700 F.3d 1287 (Fed. Cir. 2012) *with Bel Fuse Inc. v. Molex, Inc.*, CIV A 13-2566 JBS, 2014 WL 2710956, at *7, n.3 (D.N.J. June 16, 2014) (distinguishing *Superior* on similar grounds).

Case No. 2:13-CV-38-JRG, 2014 WL 894805, at *2 (E.D. Tex. Mar. 4, 2014).  The court noted that even if it were to assume the retailer knew the manufacturer deliberately induced infringement, the complaint did not allege the retailer had taken any affirmative steps *on its own* to induce infringement by its customers.  To the contrary, the SAC alleges conduct directly attributable to Samsung itself, such as "selling infringing products, marketing the infringing capabilities of such products, and providing instructions, technical support, and other encouragement for the use of such products." *SAC* ¶¶ 21, 26, 31, 36, 45, 50, 55.  Under this Court's precedent, this is sufficient.  *See Tierra Intellectual Borinquen, Inc. v. Toshiba Am. Info. Sys. Inc.*, No. 2:13-CV-00047-JRG, 2014 WL 605431, at *3 (E.D. Tex. Feb. 14, 2014) (holding that a defendant's user guide was sufficient to plead infringement).

Finally, Samsung, like Apple, claims that the SAC is insufficient because "all allegations are generic to the five 'Defendants.'" *Mot.* at 6.  Like in *Lodsys*, the SAC groups Defendants where appropriate for organizational purposes.  *Lodsys, LLC v. Brother Intern. Corp.*, No. 2:11-cv-90-JRG, 2012 WL 760729, at *4 (E.D. Tex. Mar. 8, 2012).  The court noted that where there were identical allegations as to each defendant repeated in successive paragraphs, as is the case with components of ZiiLabs' SAC, this was acceptable.  *Compare* No. 2:11-cv-90-JRG, Dkt. # 1 at ¶¶ 38-40 *with SAC* ¶¶ 19-21.  To the extent Samsung argues that it is unacceptable to group defendants in one paragraph, other courts have recognized that this form of pleading is appropriate.  *See OKI Elec. Indus. Co., Ltd. v. LG Semicon Co., Ltd.*, CIV. 97-20310 SW, 1998 WL 101737 (N.D. Cal. Feb. 25, 1998) *aff'd,* 243 F.3d 559 (Fed. Cir. 2000) (finding that plaintiff need not set forth in separate counts its direct and induced infringement claims against each defendant); *Savage v. Tweedy*, 3:12-CV-1317-HZ, 2012 WL 6618184 (D. Or. Dec. 13, 2012) ("Defendants assert that all of Plaintiffs' claims for relief must be dismissed because the Complaint 'impermissibly engaged in 'group' or 'shotgun' pleading.' … Defendants contend that Plaintiffs improperly group all the Defendants together without identifying which particular Defendant is liable under which of the two claims … Defendants' motion to dismiss on the basis that Plaintiffs engaged in 'shotgun pleadings' is denied.").

**B.    ZiiLabs Adequately Pleads Indirect Infringement**

Samsung also argues ZiiLabs' additional induced infringement allegations against the
'615, '649, and '425 Patents based on Samsung's manufacture and sale of certain Apple
processors should be dismissed, allegations Samsung calls "threadbare," "muddle[d]," and
"conclusory."    However, these allegations are merely additional instances of induced
infringement and are sufficiently pled for all the reasons articulated in the previous section.[4] The
SAC identifies a direct infringer, pleads that Samsung had knowledge of the Patents-in-Suit and
that the acts in question infringed, and that Samsung had the specific intent to infringe. Nothing
more is required at the pleading stage. *See Achates*, 2013 WL 693955, at *3.

Much like ZiiLabs' other indirect infringement allegations, its indirect infringement
allegations against the '615, '649, '425 Patents satisfy all three pleading requirements.  First,
the SAC identifies the direct infringer—Apple. SAC ¶ 29, 34, 48.  Samsung concedes this point.
*Mot*. at 11. Second, the SAC contains allegations that Samsung knew of the Patents and knew
that its actions would infringe. *Id*. at ¶ 31, 36, 50; *Lochner Techs.*, 2012 WL 2595288, at *3
(finding that complaint alleged defendants had knowledge of the asserted patent).  Samsung cites
two cases to support its position, but both are easily distinguishable. In *Unilin Beheer*, the
plaintiff failed to allege *any* pre-suit notice to several defendants.  *Unilin Beheer B.V. v. Tropical
Flooring*, 2014 U.S. Dist. LEXIS 85955, at *11–12 (C.D. Cal. Jun. 13, 2014).  ZiiLabs alleged
pre-suit notice as of August 2013.  And in *U.S. Ethernet*, the plaintiff failed to recite any of the
elements of induced infringement.  *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, 2013
U.S. Dist. LEXIS 187806, at *10–11 (E.D. Tex. Feb. 7, 2013).

Third, the SAC pleads that Samsung had the specific intent to infringe.  ZiiLabs pled that
Defendants "induced, caused, urged, encouraged, aided, and abetted" their direct and indirect
customers to infringe. *SAC* ¶¶ 31, 36, 50.  Samsung manufactures the processors found in many

---

[4]Samsung's reliance on *InMotion Imagery Techs. v. Brain Damages Films*, 2012 WL 3283371,
at *3-4 (E.D. Tex. Aug. 10, 2012) is misguided because ZiiLabs did not plead contributory
infringement.

accused Apple products, so Samsung's direct customer is Apple, and Samsung's indirect customers are Apple's customers. This relationship is articulated in the SAC. *Id*. ¶¶ 29, 31, 34, 36, 48, 50. Samsung demonstrated its intent to induce by "selling infringing products, marketing the infringing capabilities of such products, and providing instructions, technical support, and other encouragement for the use of such products." *Id*. at ¶ 31, 36, 50; *see Lone Star*, 2012 WL 403322, at *10 (holding that a pleading met the specific intent requirement when it stated that the defendant "has purposefully and voluntarily placed infringing products in the stream of commerce with the expectation that its products will be purchased by end users in the Eastern District of Texas"). As with the other claims for induced infringement, these allegations are sufficient to establish specific intent.

Samsung also contends the SAC is insufficient because it did not include separate factual allegations for direct and indirect infringement. This argument ignores the numerous facts pled in support of both direct and indirect infringement. It also conflates the level of precision required at the pleading stage with the heightened level of precision required in infringement contentions. *Mondis Tech. Ltd. v. Top Victory Elecs. Co*., Case No. 2:08-CV-478-TJW, 2010 U.S. Dist. LEXIS 76637, at *8 (E.D. Tex. Jul. 29, 2010) ("It is the infringement contentions, and not the complaint, that is the vehicle by which the plaintiff gives notice of its specific infringement theories."). ZiiLabs pled that the Apple SoC (manufactured by Samsung) infringed the '615, '649, and '425 Patents when used in conjunction with other functionality in the accused Apple devices. *SAC* ¶¶ 13, 29, 34, 48. This was a basis of ZiiLabs' indirect infringement claims. ZiiLabs also pled that certain claims of the '649 and '425 Patents were infringed entirely by functionality within the Apple SoCs. *Id*. ¶¶ 34, 48. This was a basis of ZiiLabs' direct infringement claims. It is of no moment that the '649 and '425 Patents have some claims that Samsung directly infringes by manufacturing and selling Apple SoCs and other claims that Samsung indirectly infringes by manufacturing and selling Apple SoCs.

### C.     ZiiLabs Adequately Pleads Willful Infringement

Samsung moves to dismiss willfulness against *all nine* patents. In support, Samsung cites

the elements of proof for willful infringement laid out in *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). *In re Seagate* "address[es] what is necessary to prove a claim of willfulness, not whether a plaintiff has sufficiently alleged willful infringement as a pleading matter." *Rambus, Inc. v. Nvidia Corp.*, No. C 08 3343, 2008 WL 4911165, at *2 (N.D. Cal. Nov. 13, 2008). At this stage of the litigation, ZiiLabs need not establish what is required by *In re Seagate* in order for the court to make a finding that willfulness is adequately plead. Rather, all that is required is "a pleading equivalent to 'with a knowledge of the patent and of his infringement.'" *Jardin* v. *Datallegro, Inc.*, No. 08 CV 1462, 2009 WL 186194, at *7 (S.D. Cal. Jan. 20, 2009) (quotations omitted). ZiiLabs has pleaded facts beyond what is required by Federal Rule of Civil Procedure 8. *See* SAC ¶¶ 57-58 (alleging that Samsung was notified of ZiiLabs' patent portfolio prior to the initiation of this lawsuit and that the parties engaged in ongoing discussions regarding ZiiLabs' patent portfolio).

Claims of willful infringement need not be pleaded with particularity. In *FotoMedia*, for example, the plaintiff's complaint did "not detail how the defendants are alleged to have willfully infringed the patents-in-suit." *Fotomedia*, 2008 WL 4135906, at *2. The complaint alleged only that the defendants' "acts of infringement of the [patents had] been willful, deliberate, and in reckless disregard of [plaintiff's] patent rights." No. 2:07-CV-255, Dkt. # 64, ¶¶ 22, 26, 30. The Court held that the "level of detail provided by [plaintiff] in its allegations of indirect infringement are similar to those approved by Form [18], the Federal Circuit, and the courts in this district" and the "same is true for the allegations of willful infringement." *Id.* Other courts have similarly recognized that willful infringement need not be pleaded with particularity. *See Lodsys*, 2012 WL 760729, at *4 ("This Court has observed that, much like direct infringement and its pleading requirements. . . the bar for pleading willful infringement is not high . . . Here, [defendant] admits that [plaintiff] does plead 'some limited factual basis regarding knowledge' . . . The Court finds that [plaintiff's] Complaint pleads sufficient facts to state a plausible claim for relief for willful infringement . . .") (citing *Fotomedia*, 2008 WL 4135906, at *2); *MobileMedia Ideas, LLC v. HTC Corp.*, No. 2:10-cv-112-TJW, 2011 WL

4347027, at *2 (E.D. Tex. Sept. 15, 2011) (same); *Rambus, Inc. v. Nvidia Corp.*, C 08-3343 SI, 2008 WL 4911165, at *2 (N.D. Cal. Nov. 13, 2008) ("Defendant moves to dismiss plaintiff's claims of willful infringement because plaintiff does not allege that defendant knew or should have known that its activities had a high likelihood of infringing the asserted patents . . . The Court agrees with plaintiff, and finds that it is sufficient to allege that defendant's infringement has been "deliberate" and in "disregard" of the patents…. While plaintiff's complaint could be more factually detailed, the Court finds that it sufficiently alleges willful infringement.").

Because ZiiLabs has pleaded that Samsung was aware of ZiiLabs' ownership of the Patents-in-Suit prior to the commencement of this litigation, *see SAC* ¶¶ 57-58, it is premature at this stage of the proceedings to find that Samsung did not willfully infringe. "[N]o discovery has commenced, and the Court's mandate at this stage of the proceedings is to assume that all allegations in a plaintiff's complaint are true." *Loops, LLC* v. *Amercare Prods., Inc.*, 636 F. Supp. 2d 1128, 1135 (W.D. Wash. 2008) (citation omitted); *see also* Case No. 08-cv-01064-CMP, Dkt. # 1, at ¶ 74 (declining to dismiss plaintiff's willfulness allegation where the complaint alleged simply, "[t]he infringement was, and continues to be, willful").

Samsung attempts to argue that ZiiLabs has failed to plead that Samsung "knew or should have known of an objectively high likelihood of infringement of any asserted patent." *Mot.* at 14. However, ZiiLabs pleaded that Samsung "has proceeded to infringe the Patents-in-Suit with full and complete knowledge of the patents and their applicability to its products without taking a license under the Patents-in-Suit and without a good faith belief that the Patents-in-Suit were invalid or not infringed." *SAC* ¶ 58. At any rate, a plaintiff is not required to allege objective recklessness in the complaint. Again, Samsung is conflating the pleading requirements with what would be required to prevail at trial. All that is required at the pleading stage is allegations that support that the defendant knew of the plaintiff's patent rights. *See Oracle Corp. v. DrugLogic, Inc.,* 807 F. Supp. 2d 885, 902–03 (N.D. Cal. 2011) ("[W]here the plaintiff identified the specific accused products and alleged that the defendant received actual notice of the patents in suit, the plaintiff stated a claim for willful infringement"). A showing of objective

recklessness is not required.  *See, e.g., Sony Corp. v. LG Electronics USA, Inc.,* 768 F. Supp. 2d 1058, 1064 (C.D. Cal. 2011) ("plaintiff need not allege specific facts establishing objective recklessness under *Seagate*"); *Paice LLC v. Hyundai Motor Co*., 2013 WL 1316318, *4-5 (D. Md. Mar. 27, 2013) (rejecting a defendant's argument that the plaintiff failed to allege the defendant acted with reckless disregard for the possibility it infringed the asserted patents).

Finally, Samsung attempts to argue that ZiiLabs' attachment of Annex A to its patent portfolio somehow indicates an admission of non-infringement as to any patents not identified in Annex C.[5]  This argument misses the mark.  The point is that Samsung had notice of ZiiLabs' patents.  In *Black & Decker*, for example, the defendant argued that a notice letter spoke only to certain radio chargers, and did not specifically identify two patents, which the defendant claimed contradicted the allegations of knowledge.  *Black & Decker Inc. v. Robert Bosch Tool Corp.*, 04 C 7955, 2006 WL 3783006 (N.D. Ill. Dec. 22, 2006) (citations omitted).  The Court reasoned, however, that defendant failed to "cite any authority – controlling or otherwise – in support of its argument that it must have knowledge of the actual patents" as opposed to the patent portfolio. *Id.*

Additionally, the cases cited by Samsung are inapposite.  Unlike in *Achates*, ZiiLabs pleads that Samsung had knowledge of the asserted patents prior to filing this lawsuit.  *See Achates Reference Pub., Inc. v. Symantec Corp.*, No. 2:11-CV-294 JRG-RSP, Dkt. 176, ¶ 56.  In *McRo*, the complaint did not contain sufficient factual detail to indicate that defendants were or should have been aware that they were committing patent infringement at any point.  *McRo, Inc. v. Rockstar Games, Inc.*, Case Nos. 12-1513, 12-1517, 12-1519, 2014 WL 1051527, at *7 (D. Del. Mar. 17, 2014).  Here, the SAC explains that ZiiLabs had continuing discussions with

---

[5] Like Apple, Samsung's Motion does not accurately describe the notice letter cited in the SAC. In the letter, ZiiLabs notified Samsung that it infringed "*at least* [the] 40 ZiiLabs US patents" listed in the exhibit.  *SAC*, Ex. 11 (emphasis added).  The letter did not say, as Samsung contends, that ZiiLabs believed Samsung did not infringe the remaining 66 patents.  If ZiiLabs believed Samsung did not infringe the remaining 66 ZiiLabs patents, there would be no reason to include them in the notice letter.

Samsung since at least August 2013. *SAC* ¶¶ 57-58. Moreover, the SAC pleads that ZiiLabs has had ongoing discussions with Samsung of the patent portfolio that encompasses the Patents-in-Suit since sending that letter. *SAC* ¶ 58. Unlike in *Seoul,* where the Court examined a letter sent by plaintiffs to defendants, and could not "plausibly infer that it notified Defendants of *all* asserted patents in 2007," in this case, ZiiLabs' letter *did* notify Samsung of all asserted patents. *Compare Seoul Laser Dieboard Sys. Co. v. Serviform S.r.l.*, 957 F. Supp. 2d 1189, 1197 (S.D. Cal. 2013) *with* Ex. 11, Annex A. Further, ZiiLabs does not contend that the Court cannot examine the letter, as Samsung suggests. Rather, ZiiLabs notes that the letter does not contradict any of the other allegations in the SAC. Similarly, even if ZiiLabs had not sent a notice letter, ZiiLabs pleaded that it had ongoing discussions with Samsung regarding the Patents-in-Suit. *SAC* ¶ 58; *cf. Seoul*, 957 F. Supp. 2d at 1197 (finding plaintiff's attempts to cure deficiencies insufficient where plaintiff asserted other bases' for defendants' knowledge in its opposition brief, but had not pleaded those facts in the complaint). Although Samsung attempts to further argue that "continuing communications" are insufficient because they do not show that Samsung's infringement was objectively reckless, this misstates the pleading requirement for willful infringement. *See Sony Corp.,* 768 F. Supp. 2d at 1064.

## IV.  LEAVE TO AMEND

"When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice." *Reyes v. Nationwide Prop. & Cas. Ins. Co.*, CIV. H-11-0881, 2011 WL 1467751, at *2 (S.D. Tex. Apr. 18, 2011) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). In the event the Court grants any portion of Samsung's Motion to Dismiss, ZiiLabs respectfully requests leave to file a third amended complaint.

## V.  CONCLUSION

For the foregoing reasons, ZiiLabs respectfully requests that the Court deny Samsung's Motion to Dismiss.

Dated:  August 1, 2014                    Respectfully submitted,


                                          */s/Stephen D. Susman (K. Kauble by permission)*
                                          Stephen D. Susman
                                          Texas State Bar No. 19521000
                                          **SUSMAN GODFREY L.L.P.**
                                          1000 Louisiana, Suite 5100
                                          Houston, Texas 77002
                                          Telephone: (713) 651-9366
                                          Facsimile: (713) 654-6666
                                          ssusman@susmangodfrey.com

                                          Lead Attorney for Plaintiff, ZiiLabs Inc., Ltd.
                                          Max L. Tribble, Jr.
                                          Texas Bar No. 20213950
                                          mtribble@susmangodfrey.com
                                          **SUSMAN GODFREY L.L.P.**
                                          1000 Louisiana Street, Suite 5100
                                          Houston, Texas 77002
                                          Telephone:  (713) 651-9366
                                          Facsimile:  (713) 654-6666

                                          Kalpana Srinivasan
                                          California State Bar No. 237460
                                          ksrinivasan@susmangodfrey.com
                                          Krysta Kauble
                                          California State Bar No. 280951
                                          ksrinivasan@susmangodfrey.com
                                          **SUSMAN GODFREY L.L.P.**
                                          1901 Avenue of the Stars, Suite 950
                                          Los Angeles, California 90067
                                          Telephone:  310) 789-3100
                                          Facsimile:  (310) 789-3150

                                          Michael F. Heim
                                          Texas State Bar No. 09380923
                                          mheim@hpcllp.com
                                          Blaine A. Larson
                                          Texas State Bar No. 24083360
                                          blarson@hpcllp.com
                                          **HEIM, PAYNE & CHORUSH, LLP**
                                          600 Travis Street, Suite 6710
                                          Houston, Texas 77002-2912
                                          Telephone:  (713) 221-2000
                                          Facsimile:  (713) 221-2021

Douglas R. Wilson
Texas State Bar No. 24037719
dwilson@hpcllp.com
**HEIM, PAYNE & CHORUSH, LLP**
9442 Capital of Texas Hwy.
Plaza I, Suite 500-146
Austin, Texas 78759
Telephone: (512) 343-3622
Facsimile: (512) 345-2924

S. Calvin Capshaw
Texas State Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
Texas State Bar No. 05770585
ederieux@capshawlaw.com
D. Jeffrey Rambin
Texas State Bar No. 00791478
jrambin@capshawlaw.com
**CAPSHAW DERIEUX LLP**
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

T. John Ward, Jr.
Texas State Bar No. 00794818
jw@wsfirm.com
Claire Abernathy Hentry
Texas State Bar No. 24053063
claire@wsfirm.com

**WARD & SMITH LAW FIRM**
1127 Judson Road, Suite 220
Longview, Texas 75601
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Plaintiff,*
*ZiiLabs Inc., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2014, counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/  *Krysta Kauble*
Krysta Kauble