**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **ZIILABS INC., LTD.,** | § |
| | § |
| Plaintiff, | § |
| | §  **Civil Action No. 2:14-CV-00203** |
| vs. | § |
| | §  **Jury Trial Requested** |
| | § |
| **SAMSUNG ELECTRONICS CO. LTD.;** | § |
| **SAMSUNG ELECTRONICS AMERICA, INC.;** | § |
| **SAMSUNG TELECOMMUNICATIONS** | § |
| **AMERICA, LLC; SAMSUNG AUSTIN** | § |
| **SEMICONDUCTOR, LLC; and APPLE INC.** | § |
| | § |
| Defendants. | § |
| | § |

**ZiiLabs' Sur-Reply to Samsung's Motion to Dismiss**

The facts pled by ZiiLabs in its Second Amended Complaint (Dkt. No. 41) ("*SAC*") plainly satisfy the minimal pleading requirements of Rule 8. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) ("Motions to dismiss under Rule 12(b)(6) are view with disfavor and are rarely granted.") (quotations omitted). Samsung's efforts to heighten the bar for ZiiLabs should be rejected. For the same reasons as Apple's motion, Samsung's copycat 12(b)(6) Motion should be dismissed.

I.  **ZIILABS ADEQUATELY PLED INDIRECT INFRINGEMENT**

Samsung contends ZiiLabs' allegations consist of only the "legal elements repeated verbatim" and argues there are no facts pleaded to support the inference that Samsung knew third parties infringed or that Samsung specifically intended to induce infringement. To the contrary, ZiiLabs alleged that Samsung demonstrated its intent to induce by "selling infringing products, marketing the infringing capabilities of such products, and providing instructions, technical support, and other encouragement for the use of such products." *SAC* ¶¶ 31, 36, 50. Other courts have recognized that allegations of advertising an infringing use or instructing how to engage in an infringing use show affirmative intent to induce infringement. *See Pacing Techs., LLC v. Garmin Int'l, Inc.*, 2013 WL 444642, at *3 (S.D. Cal. Feb. 5, 2013) (finding allegation that defendant instructed customers in a matter it knew to be infringing warranted an inference of specific intent); *Anticancer, Inc. v. Fujifilm Med. Sys. U.S.A., Inc.,* 745 F. Supp. 2d 1165, 1170 (S.D. Cal. 2010) ("Advertising an infringing use or instructing how to engage in an infringing use, show an affirmative intent that the product be used to infringe and can constitute actively aiding another's infringement.") (citation omitted); *Symantec Corp. v. Veeam Software Corp.,* 2012 WL 1965832, at *5 (N.D. Cal May 31, 2012) (same).

For the same reason, Samsung's continued reliance on *Intellectual Ventures* lacks merit. In *Intellectual Ventures*, the court determined that advertising in and of itself was not sufficient to support an inference of infringement. Here, Samsung has marketed the *infringing capabilities of the accused products.* SAC ¶¶ 21, 26, 31, 36, 45, 50, 55. Samsung's analysis of *In re Bill of Lading* is also misguided. Courts in this District have explicitly acknowledged that to plead

induced infringement, it is not necessary to provide detailed factual support for each and every element of inducement. *See InMotion Imagery Technologies v. Brain Damage Films*, 2012 WL 3283371, at *3 (E.D. Tex. 2012) ("While the Complaint does not explicitly plead facts to show that Galaxy had a specific intent to induce infringement, it is not necessary to provide detailed factual support for each and every element of inducement.") (citing *In re Bill of Lading*).

One of Samsung's arguments is that ZiiLabs failed to plead Samsung "knew of third party infringement." This premise is false. In Paragraph 58 of the SAC (under the heading "Defendants' Prior Knowledge of the Patents-in-Suit"), ZiiLabs alleged that Samsung infringed with "full and complete knowledge of the patents and their applicability to its products." This is an explicit reference to Samsung's knowledge of infringement. ZiiLabs also pled that it notified Samsung of its portfolio (*SAC* ¶ 57) and that the parties had "continuing communications" about the ZiiLabs patents (*SAC* ¶ 58). The most reasonable inference to draw from "continuing communications" about the portfolio is that Samsung was well aware of third-party infringement. *See In re Bill of Lading*, 681 F.3d 1323, 1340 (Fed. Cir. 2012) (criticizing the district court for failing to draw all reasonable inferences in favor the non-moving party). Samsung cannot credibly argue otherwise.

Samsung does not adequately distinguish the cases cited by ZiiLabs. For example, Samsung attempts to distinguish *Traffic Info* because it relies on Form 18. However, the court in *Traffic Info* noted that the allegations satisfied *both* the pleading standards of Form 18 *and* the liberal pleading standards of the federal rules. *Traffic Information, LLC v. YAHOO! Inc.*, 2010 WL 2545500, at *2 (E.D. Tex. Apr. 13, 2010) ("Under the liberal pleading standards of the Federal Rules … Traffic's complaint may be read as asserting all three causes of action against AAA.") (citations omitted). Samsung also fails to distinguish *Lochner* and *Lone Star*. *See Lochner Techs., LLC v. AT Labs Inc.*, 2012 WL 2595288, at *10 (E.D. Tex. Jul. 3, 2012); *Lone Star Document Management, LLC v. Atalasoft, Inc.*, 2012 WL 4033322, at *4 (E.D. Tex. Sept. 12, 2012).

Finally, Samsung contends the SAC is insufficient because its allegations are grouped

2

together against all five Defendants collectively rather than recited individually. *Compare Lodsys, LLC v. Brother Intern. Corp.*, 2012 WL 760729, at *4 (E.D. Tex. Mar. 8, 2012). Like in *Lodsys*, ZiiLabs' SAC groups Defendants where appropriate for organizational purposes. *Compare* No. 2:11-cv-90-JRG, Dkt. # 1 at ¶¶ 38-40 *with* SAC ¶¶ 19-21. Samsung now attempts to argue that ZiiLabs' induced infringement allegations are improper because five Defendants are discussed in the same paragraphs. However, other courts have recognized that this form of pleading is acceptable. *See OKI Elec. Indus. Co., Ltd. v. LG Semicon Co., Ltd.*, 1998 WL 101737, at *3 (N.D. Cal. Feb. 25, 1998), *aff'd* 243 F.3d 559 (Fed. Cir. 2000) (finding that plaintiff need not set forth in separate counts its direct and indirect inducement infringement claims against each defendant); *Savage v. Tweedy*, 2012 WL 6618184, at *5 (D. Or. Dec. 13, 2012) ("Defendants contend that Plaintiffs improperly group all the Defendants together without identifying which particular Defendant is liable under which of the two claims . . . Defendants' motion to dismiss on the basis that Plaintiffs engaged in "shotgun pleadings" is denied.").

## II. ZIILABS ADEQUATELY PLED INDIRECT INFRINGEMENT

ZiiLabs adequately pled that Samsung induced infringement by manufacturing processors for Apple mobile devices. *See* Response at 9–10. ZiiLabs pled that Samsung's customers directly infringed, Samsung knew of the Patents-in-suit and of the infringement, and that Samsung had the specific intent to encourage its customers' infringement. This is sufficient; there is no requirement that ZiiLabs "prove itself" in its pleadings. *See InMotion Imagery Techs., LLC v. Imation Corp.*, 2013 U.S. Dist. LEXIS 41830, at *16–17 (E.D. Tex. Mar. 25, 2013).

Samsung clumsily attempts to argue (without authority) that all of ZiiLabs' induced infringement allegations must be located in the same paragraph of the SAC. Reply at 4. Samsung criticizes ZiiLabs for citing multiple SAC paragraphs in its Response, calling the separate paragraphs "unrelated." *Id*. Samsung reaches this conclusion by arguing that paragraphs 31, 36, and 50 of the SAC are limited to "laptops and smartphones" and are not applicable to the Apple processors Samsung manufactures. *Id*. This is false; the SAC does not limit those paragraphs to "laptops and smartphones." Instead, the SAC refers to "selling infringing products." As ZiiLabs

3

articulated in paragraphs 29, 34, and 48, the Apple processors manufactured by Samsung are infringing products. Thus, the discussion in paragraphs 31, 36, and 50 is equally applicable to laptops, smartphones, *and processors*. This also defeats Samsung's final argument—that ZiiLabs failed to plead different predicate acts for direct and indirect infringement. ZiiLabs pled adequate facts constituting direct infringement (manufacturing and selling Apple processors) and indirect infringement (selling, marketing, and encouraging customers to use Apple processors in an infringing manner). *See Lodsys, LLC v. Brother Int'l Corp.*, 2012 U.S. Dist. LEXIS 31456, at *12–13 (E.D. Tex. Mar. 8, 2012).

### III. ZIILABS ADEQUATELY PLED WILLFUL INFRINGEMENT

Samsung's willfulness arguments go significantly further than the arguments its co-defendant Apple was willing to make. Samsung argues that, despite receiving a notice letter with a list of patents and products, *all* willfulness allegations against it should be dismissed. Samsung continues to butcher the distinction between pleading and proving willful infringement. *See Rambus, Inc. v. NVIDIA Corp.*, 2008 U.S. Dist. LEXIS 95168, at *7 (N.D. Cal. Nov. 13, 2008) (distinguishing between the standards for pleading and proving willful infringement). ZiiLabs pled that Samsung had knowledge of the Patents-in-suit, knowledge of "their applicability to its products," and that Samsung lacked "a good faith belief that the Patents-in-suit were invalid or not infringed." *SAC* ¶ 58. This is more than sufficient to survive a 12(b)(6) motion.

Samsung cites two District cases in its Reply, both of which are easily distinguishable because neither contains *any* allegations of pre-suit knowledge. *See Touchscreen Gestures LLC v. RIM Ltd.*, 2013 U.S. Dist. LEXIS 97080, at *4–7 (E.D. Tex. Mar. 27, 2013); *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, 2013 U.S. Dist. LEXIS 187806, at *13 (E.D. Tex. Feb. 7, 2013). In contrast, ZiiLabs pled pre-suit notice through both letters and "continuing communications about the ZiiLabs patent portfolio, including the Patents-in-suit." *SAC* ¶ 57-61.

Samsung also fails to distinguish many cases cited by ZiiLabs in its Response, including *FotoMedia*, *Lodsys*, and *MobileMedia*. Response at 11–12. All that is required at the pleading stage is allegations that the defendant knew of the plaintiff's patent rights. *See Oracle Corp. v.*

4

*DrugLogic, Inc.,* 807 F.Supp.2d 885, 902–03 (N.D. Cal. 2011) ("[W]here the plaintiff identified the specific accused products and alleged that the defendant received actual notice of the patents in suit, the plaintiff stated a claim for willful infringement"). A showing of objective recklessness is not required. *See Sony Corp. v. LG Electronics USA, Inc.,* 768 F. Supp. 2d 1058, 1064 (C.D. Cal. 2011) ("plaintiff need not allege specific facts establishing objective recklessness under *Seagate*"); *Paice LLC v. Hyundai Motor Co.*, 2013 WL 1316318, at *4-5, n.22 (D. Md. 2013) (denying motion where defendants argued that plaintiffs "alleged no facts that would support an allegation that Defendants acted with reckless disregard for the possibility that they infringed the asserted patents").

Next, Samsung criticizes ZiiLabs for failing to identify "how any specific Samsung entity" infringes in either the SAC or ZiiLabs' pre-suit notice letter. Reply at 5. However, Samsung's internal corporate structure is not publicly available information. ZiiLabs based its notice letter and SAC on facts in the public domain. Further detailed knowledge about Samsung's internal workings will obtained through discovery; that level of precision is not required at the pleading stage, and Samsung cites no authority to support it.

Finally, Samsung attempts to argue that ZiiLabs' attachment of Annex A to its patent portfolio is an admission of non-infringement as to any patents not identified in Annex C. The notice letter explicitly indicated that Samsung had infringed "at least" the patents listed in Annex A and did not concede non-infringement as to the remaining patents. Further, Samsung's awareness of ZiiLabs' patent portfolio is sufficient to support a pleading of willful infringement. *See Black & Decker Inc. v. Robert Bosch Tool Corp.*, 2006 WL 3783006, at *3 (N.D. Ill. Dec. 22, 2006) (citations omitted) (reasoning that defendant failed to "cite any authority – controlling or otherwise – in support of its argument that it must have knowledge of the actual patents" as opposed to the patent portfolio). Similarly, here, Samsung's knowledge of ZiiLabs' patent portfolio is sufficient.

### IV. CONCLUSION

ZiiLabs respectfully requests that the Court deny Samsung's Motion to Dismiss.

Dated:  August 22, 2014  Respectfully submitted,

/s/ Stephen Susman (by permission B. Larson)
Stephen D. Susman
Texas State Bar No. 19521000
**SUSMAN GODFREY L.L.P.**
1000 Louisiana, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
ssusman@susmangodfrey.com
Lead Attorney for Plaintiff, ZiiLabs Inc., Ltd.

Max L. Tribble, Jr.
Texas Bar No. 20213950
mtribble@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666

Kalpana Srinivasan
California State Bar No. 237460
ksrinivasan@susmangodfrey.com
Krysta Kauble
California State Bar No. 280951
ksrinivasan@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, California 90067
Telephone:  310) 789-3100
Facsimile:  (310) 789-3150

Michael F. Heim
Texas State Bar No. 09380923
mheim@hpcllp.com
Blaine A. Larson
Texas State Bar No. 24083360
blarson@hpcllp.com
**HEIM, PAYNE & CHORUSH LLP**
600 Travis Street, Suite 6710
Houston, Texas 77002-2912
Telephone:  (713) 221-2000
Facsimile:  (713) 221-2021

6

Douglas R. Wilson
Texas State Bar No. 24037719
dwilson@hpcllp.com
**HEIM, PAYNE & CHORUSH LLP**
9442 Capital of Texas Hwy.
Plaza I, Suite 500-146
Austin, Texas 78759
Telephone: (512) 343-3622
Facsimile: (512) 345-2924

S. Calvin Capshaw
Texas State Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
Texas State Bar No. 05770585
ederieux@capshawlaw.com
D. Jeffrey Rambin
Texas State Bar No. 00791478
jrambin@capshawlaw.com
**CAPSHAW DERIEUX LLP**
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

T. John Ward, Jr.
Texas State Bar No. 00794818
jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
claire@wsfirm.com
**WARD & SMITH LAW FIRM**
1127 Judson Road, Suite 220
Longview, Texas 75601
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Plaintiff,*
*ZiiLabs Inc., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2014, counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                              */s/  Blaine Larson*
                              Blaine Larson