IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ZIILABS INC., LTD. § | |
| § | |
| v. § | Case No. 2:14-cv-203-JRG-RSP |
| § | |
| SAMSUNG ELECTRONICS CO. LTD., ET § | |
| AL. | |

**REPORT AND RECOMMENDATION**

Before the Court is Apple Inc.'s ("Apple") Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Dkt. No. 42, "Motion to Dismiss").

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 10, 2014, ZiiLabs Inc., Ltd. ("ZiiLabs") filed this suit against five defendants: Samsung Electronics Co. Ltd.; Samsung Electronics America, LLC; Samsung Telecommunications America, LLC; Samsung Austin Semiconductor, LLC; and Apple Inc. (collectively, "Defendants") (Dkt. No. 1). On June 4, 2014, ZiiLabs amended its complaint against all Defendants. (Dkt. No. 41, "Second Amended Complaint.") In its Second Amended Complaint, ZiiLabs claims, *inter alia*, Defendants are liable for induced infringement of several patents under 35 U.S.C. § 271(b). (*Id.* at ¶¶ 21, 26, 31, 36, 45, 50, and 55, hereinafter "Inducement Paragraphs.") A paragraph representative of the Inducement Paragraphs is reproduced below:

> Upon information and belief, at least as of August 2013, when they received actual notice of the ZiiLabs patents, Defendants indirectly infringe one or more claims of the '096 Patent by active inducement under 35 U.S.C. § 271(b). Defendants have induced, caused, urged, encouraged, aided, and abetted their direct and indirect customers to make, use, sell, offer for sale, and/or import products which infringe the '096 Patent and to use methods that infringe the '096 Patent. Defendants have done so by acts including but not limited to selling infringing products, marketing the infringing capabilities of such products, and providing instructions, technical support, and other encouragement for the use of

such products. Such conduct by Defendants was intended to and actually resulted in direct infringement, including the making, using, selling, offering for sale, and/or importation of infringing products in the United States and the use of infringing methods in the United States.

(*Id*. at ¶ 21.)

Apple contends the Second Amended Complaint neither specifies the particular acts of its customers that allegedly infringe, nor indicates how Apple or any other defendant intends to or does encourage infringement. (Mot. at p. 3.) Moreover, Apple contends ZiiLabs willful infringement allegations with regard to four of the asserted patents are unsupported by well-pleaded facts. (*Id*.) Specifically, Apple contends an exhibit cited in the Second Amended Complaint failed to put Apple on notice of ZiiLabs' claims. (*Id*. at 3–4.) It is for these reasons, among others, Apple contends the relevant claims in ZiiLabs' Second Amended Complaint should be dismissed. (*Id*. at 9.)

## APPLICABLE LAW

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must assume that all well-pleaded facts are true, and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The court must then decide whether those facts state a claim for relief that is plausible on its face. *Bowlby*, 681 F.3d at 217. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A claim for induced infringement under 35 U.S.C. § 271(b) requires proof (1) of an act of direct infringement by another, and (2) that the defendant knowingly induced the infringement with the specific intent to encourage the other's infringement. *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005). The intent element requires that the defendant "[know] that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011); *see also DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.''). Thus, in order to survive Apple's Motion to Dismiss, the complaint must (1) adequately plead direct infringement by Apple's customers, (2) contain facts plausibly showing that Apple specifically intended for its customers to infringe the asserted patents, and (3) contain facts plausibly showing that Apple knew that the customer's acts constituted infringement. *See In re Bill of Lading Transmission & Processing System Patent Lit.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).

A claim for willful patent infringement requires proof that (1) "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," and (2) "this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). "Willfulness does not equate to fraud, and thus, the pleading requirement for willful infringement does not rise to the stringent standard required by Rule 9(b)." *Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1343 (Fed. Cir. 2003).

## ANALYSIS

### I.  *ZiiLabs' Claims for Induced Infringement*

Regarding ZiiLabs' claims for induced infringement, Apples argues the Second Amended Complaint is devoid of factual allegations concerning inducement by Apple. (Mot. at p. 6.) Specifically, Apple argues nothing in the Second Amended Complaint refers to acts specific to Apple. (*Id*.) Rather, Apple contends all allegations are generic to the five Defendants to the suit. (*Id*.) Moreover, Apple contends the Inducement Paragraphs of the Second Amended Complaint are merely conclusory statements that do not plausibly support a claim that Apple specifically intended its customers to infringe a particular patent or knew that the customer's acts constitute infringement. (*Id*.)

In its Response, ZiiLabs argues the Inducement Paragraphs of the Second Amended Complaint identify Apple's "direct and indirect customers" as the underlying direct infringers and that it plead Apple demonstrated the requisite specific intent to induce infringement. (*See* Opp. at p. 4) ("[Apple induced infringement by] selling infringing products, marketing the infringing capabilities of such products, and providing instructions, technical support and other encouragement of the use of such product.") (citing Second Amended Complaint at ¶¶ 21, 26, 31, 36, 45, 50, and 55). Moreover, ZiiLabs contends "Apple's conduct intended to and did result in direct infringement, which included the 'making, using, selling, offering for sale, and/or importation of infringing products into the United States.'" (*Id*.)

Evaluating the Second Amended Complaint and the parties' respective positions, the Court is persuaded that ZiiLabs meets the requirements to maintain a claim of indirect infringement by inducement. Although ZiiLabs' inducement claims accuse Apple along with the Samsung defendants through the use of the umbrella term "Defendants," the Second Amended

Complaint sets forth a facially plausible cause of action under the *Iqbal* standard. Put simply, ZiiLabs' Second Amended Complaint meets the standards under *In re Bill of Lading* because, minimally, the Second Amended Complaint:

(1) adequately pleads direct infringement of Apple's customers. (*See, e.g.,* Second Amended Complaint at ¶ 21) ("Defendants [i.e., Apple and the Samsung entities] have induced, caused, urged, encouraged, aided, and abetted their direct and indirect customers to make, use, sell, offer for sale, and/or import products which infringe the '096 Patent and to use methods that infringe the '096 Patent.");

(2) contains facts plausibly showing that Apple specifically intended for its customers to infringe the asserted patents. (*See, e.g., id.*) ("Defendants [i.e., Apple and the Samsung entities] have done so by acts including but not limited to selling infringing products, marketing the infringing capabilities of such products, and providing instructions, technical support, and other encouragement for the use of such products."); and

(3) contains facts plausibly showing that Apple knew that the customer's acts constituted infringement. (*See, e.g., id* at ¶ 60) ("Apple has had further communications and contact with ZiiLabs and is fully aware of ZiiLabs' technology and patent portfolio, including the Patents-in-suit. For example, on August 7, 2013, ZiiLabs notified Apple of its portfolio[1] and its applicability to Apple's products."); (*id.* at ¶ 61) ("Since at least August 2013, Apple and ZiiLabs have had continuing communications about the ZiiLabs patent portfolio, including the

---

[1] Notably, Apple contends the only support for the notice ZiiLabs relies upon is contradicted by the evidence it provides in its Second Amended Complaint. (*See* Mot. at p. 1) (referring specifically to Exhibit 12.) The Court addresses this particular allegation under Heading II, below.

Patents-in-suit. During that time, Apple has proceeded to infringe the Patents-in-suit with full and complete knowledge of the patents and their applicability to its products . . . .").

*In re Bill of Lading Transmission & Processing System Patent Lit.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).

When the Court, as it is required to do, accepts the well-pleaded facts in Ziibabs' Second Amended Complaint as true, the claims made therein are facially plausible. Accordingly, for the foregoing reasons, Apple's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) is inappropriate here as to ZiiLabs' inducement claims.

## II. *ZiiLabs' Claims for Willfulness*

Regarding ZiiLabs' claims for willful infringement, Apple argues the exhibit (Exhibit 12) ZiiLabs relies upon in its Second Amended Complaint—purporting to provide notice to Apple of its alleged infringement—fails to list four of the patents currently asserted against Apple. (Mot. at p. 9.) Apple concludes that the willfulness claims must, therefore, be dismissed because Exhibit 12 "fails to support an inference of knowledge of infringement as to [these four patents]." (*Id.*) ZiiLabs responds that at a minimum, the "continuing communications" regarding the patent portfolio (Second Amended Complaint, ¶ 61) provide the requisite specificity to meet the willfulness pleading standard. (Opp. at p. 10.) Referring specifically to the notice provided in Exhibit 12, Apple responds that the Second Amended Complaint "contains no facts to support an objectively high likelihood that Apple acted despite infringement risk with respect to [these four patents]." (Reply at pp. 4–5.)

If Apple believes the evidence is insufficient for ZiiLabs to meet its burden in proving willfulness, perhaps these arguments would be better suited for a summary judgment motion. Under Rule 12(b)(6), however, the Court is required to accept ZiiLabs' well-pleaded facts to be

true. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). When considering the Second Amended Complaint, Exhibit 12, and ZiiLabs' representations regarding continuing communications between it and Apple as they relate to ZiiLabs' patent portfolio, the Court concludes ZiiLabs' willfulness claims have facial plausibly under the *Iqbal* standard. Accordingly, for the foregoing reasons, Apple's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) is inappropriate here as to ZiiLabs' willfulness claims as well.

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Apple's Motion to Dismiss (Dkt. No. 42) be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**Signed this date.**

**Feb 26, 2015**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE