# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ZIILABS INC., LTD., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> SAMSUNG ELECTRONICS CO. LTD., ET § <br> AL., § <br> § <br> Defendants. § | Case No. 2:14-cv-203-JRG-RSP |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff ZiiLabs' Opposed Motion to Strike Defendants Apple's and Samsung's Expert Opinions Concerning Undisclosed Non-Infringing Alternatives.[1] (Dkt. No. 288.) ZiiLabs and Apple have settled. Therefore, the remaining issue in this Motion is whether the Court should strike parts of the Rebuttal Expert Report by Samsung's expert Dr. Anselmo A. Lastra (the Lastra Report). Samsung did not disclose the non-infringing alternatives discussed in the Lastra Report on time, so the Court strikes paragraphs 440–43 of the Lastra Report, but the Court does not strike paragraphs 595–96 of the Lastra Report because those paragraphs are not prejudicial to ZiiLabs.

## PROCEDURAL AND FACTUAL BACKGROUND

ZiiLabs served Samsung with interrogatories in January 2015 which, among other things, asked Samsung to "[d]escribe all non-infringing alternatives You contend would have been available to You and acceptable by Your customers." (Dkt. No. 288 at 1.) Samsung responded to those interrogatories one month later, on February 17, 2015, but did not respond to Interrogatory

---

[1] "Samsung" refers to Defendants Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., and Samsung Austin Semiconductor, LLC.

No. 13 by disclosing "all non-infringing alternatives." Samsung supplemented its interrogatory responses six times between February 17, 2015 and May 20, 2015, and only in its sixth and final supplementation did Samsung respond to Interrogatory No. 13. Samsung disclosed thirteen different non-infringing alternatives in its May 20 supplementation, including, "not storing data with a texturing unit" and "not keeping a record of pixels affected by a rendered primitive, and not tracking primitives to be rendered in connection with suspending reads." (Dkt. No. 288 at 2.) Fact discovery closed the same day. (Dkt. No. 176 at 2.)

The parties then proceeded to the expert discovery phase of the case. The party with the burden of proof served its opening expert report on May 22, 2015 and served its rebuttal expert report on July 11, 2015. (Dkt. No. 176 at 2.) Samsung disclosed in the Lastra Report, two specific non-infringing alternatives to U.S. Patent No. 5,835,096 (the '096 patent) and U.S. Patent No. 6,977,649 (the '649 patent): "using software to render text, such as through non-hardware accelerated skia" and "retaining the records of pixels affected by rendered primitives for a fixed delay." ZiiLabs argues that Samsung's disclosure of these two non-infringing alternatives violated Rule 26: first, because Samsung answered Interrogatory No. 13 at the eleventh hour, and second, because Samsung answered Interrogatory No. 13 with boilerplate language.

**APPLICABLE LAW**

Rule 26 of the Federal Rules of Civil Procedure lists a party's disclosure obligations. First, as to experts, "a party must disclose to the other parties the identity of any [expert] witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). "[T]his disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert

testimony in the case . . . ." Fed. R. Civ. P. 26(a)(2)(B). Second, as to supplementing disclosures, "[a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). To determine if a Rule 26 violation is "substantially harmless," the Court looks to: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose. *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563 (5th Cir. 2004). The burden is on the party facing sanctions to prove that its failure to comply with Rule 26 was "substantially justified or harmless." *Rembrandt Vision Techs. LP v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381 (Fed. Cir. 2013).

## ANALYSIS

Samsung cannot seriously dispute that it responded to Interrogatory No. 13 at the eleventh hour, and that it could have disclosed the two non-infringing alternatives first disclosed in the Lastra Report—"using software to render text, such as through non-hardware accelerated skia" and "retaining the records of pixels affected by rendered primitives for a fixed delay"—in Dr. Lastra's opening expert report. The parties' dispute boils down to whether Samsung's disclosure of these two non-infringing alternatives in the Lastra Report for the first time "was

substantially justified or harmless" under Rule 37. Fed. R. Civ. P. 37(c); *Primrose*, 382 F.3d at 563.

First, the Court finds that the non-infringing alternatives in the Lastra Report are important for Samsung. Samsung's damages experts, for example, may rely on the availability of non-infringing alternatives to discuss the value of the patented features in the accused devices. *See Summit 6, LLC v. Samsung Elecs. Co., Ltd.*, --- F.3d ---, No. 2013-1648, slip op., at *10 (Fed. Cir. Sept. 21, 2015) ("A party may use the royalty rate from sufficiently comparable licenses, value the infringed features based upon comparable features in the marketplace, or value the infringed features by comparing the accused product to non-infringing alternatives."); *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, --- F.3d ---, No. 2014-1492, slip. op., at *17 (Fed. Cir. Aug. 4, 2015) ("At the same time, '[t]he economic relationship between the patented method and non-infringing alternative methods, of necessity, would limit the hypothetical negotiation.'") (quoting *Riles v. Shell Expl. & Prod. Co.*, 298 F.3d 1302, 1312 (Fed. Cir. 2002)).

Second, the Court finds that the non-infringing alternatives disclosed in the Lastra Report are only, in-part, prejudicial to ZiiLabs. The Lastra Report disclosed "using software to render text, such as through non-hardware accelerated skia" as a "reasonable non-infringing alternative" to practicing the '096 patent. (Dkt. No. 288-10 ¶ 595.) Dr. Lastra disclosed this non-infringing alternative in direct response to statements by ZiiLabs' expert, Dr. William H. Mangione-Smith. Dr. Mangione-Smith said in his opening expert report that "a library of software components for rendering user interface elements using hardware" replaced "the older technology called skia." (Dkt. No. 313-9 ¶ 138.) He also said that skia was "software" that could "render [] graphics commands." (Dkt. No. 313-9 ¶ 138.) ZiiLabs is not prejudiced by an expert's statements in response to its expert's statements. The Lastra Report also disclosed a non-infringing alternative

4

to the '649 patent. That disclosure stated that a GPU could "retain[] the records of pixels affected by rendered primitives for a fixed delay" instead of practicing the patent. (*See* Dkt. No. 288-10 ¶ 440.) This disclosure prejudices ZiiLabs because Samsung could have disclosed it in Dr. Lastra's opening expert report. Disclosing this non-infringing alternative in the Lastra Report deprived ZiiLabs of a chance to offer competing expert testimony.

Finally, it is not possible to cure the prejudice by granting a continuance to ZiiLabs, and Samsung cannot explain why it failed to disclose "retaining the records of pixels affected by rendered primitives for a fixed delay" in Dr. Lastra's opening expert report. A continuance will not cure the prejudice because this case is set for trial in a matter of weeks. (Dkt. No. 400.) Furthermore, Samsung supplemented its response to Interrogatory No. 13 on May 20, 2015. This supplemental response shows that Samsung had obtained Dr. Lastra's opinion on non-infringing alternatives by May 20. Samsung could have disclosed this non-infringing alternative on May 22, 2015, when it served Dr. Lastra's opening expert report. *Cf. Beneficial Innovations, Inc. v. AOL LLC*, Case No. 2:07-cv-555-TJW-CE, Dkt. No. 260, at *1 (E.D. Tex. May 14, 2010) ("Google is not required, however, to disclose its experts' opinions in advance of the deadline for serving expert reports.").

## CONCLUSION

ZiiLabs' Opposed Motion to Strike Defendants' Expert Opinions Concerning Undisclosed Non-Infringing Alternatives (Dkt. No. 288) and ZiiLabs' Motion in Limine No. 16 (Dkt. No. 353) is **GRANTED-IN-PART AND DENIED-IN-PART**. ZiiLabs' Motion is **GRANTED** as to paragraphs 440–443 of the Rebuttal Expert Report of Dr. Anselmo A. Lastra Regarding Non-Infringement of U.S. Patent Nos. 6,977,649 and 5,835,096. Paragraphs 440–443

of the Lastra Report are **STRICKEN**. ZiiLabs' Motion is **DENIED** as to paragraphs 595 and 596 of the Lastra Report.

**SIGNED this 1st day of November, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE