# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

ZIILABS INC., LTD., §
　§
　Plaintiff, §
　§
v. §
　§ Case No. 2:14-cv-203-JRG-RSP
　§
SAMSUNG ELECTRONICS CO. LTD., ET AL., §
　§
　§
　Defendants. §

## MEMORANDUM ORDER

Pending before the Court is Defendant Samsung's Motion to Strike Evidence Submitted in Support of Plaintiff ZiiLabs' Opposition to Samsung's Motion for Partial Summary Judgment of No Willful Infringement.[1] (Dkt. No. 365.) First, Samsung asserts that relevant pre-suit communications between Samsung and Plaintiff are not admissible under two non-disclosure agreements. Second, Samsung asserts that "pre-suit communications cited in [Plaintiff's] opposition to Samsung's motion for summary judgment should [] be [found not admissible] because [Plaintiff] failed to identify them in its interrogatory responses." (Dkt. No. 365 at 2.) For the following reasons the Court finds that communications covered by the 2013 NDA are not admissible.

### Admissibility under the 2011 NDA and 2013 NDA

**A.　Background**

Plaintiff and Samsung entered into an NDA in April 2011 (the 2011 NDA) to promote business, financial arrangement, or venture discussions "relating to [Plaintiff's] chipsets and

---

[1] "Samsung" refers to Defendants Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., and Samsung Austin Semiconductor, LLC.

software applications." (Dkt. No. 328-4 at 1.) The NDA banned Plaintiff and Samsung from using "Proprietary/Confidential Information in any manner whatsoever, except in furtherance of the Purpose [as describe above] in accordance with th[e] Agreement." (Dkt. No. 328-4 at 1.) The NDA defined "Proprietary/Confidential Information" as "any and all [information] . . . which (a) if in writing, is marked 'confidential,' 'proprietary' or other similar marking at the time of the disclosure, or (b) if provided orally or visually, is identified as confidential at the time of disclosure and confirmed in writing to receiving party within 15 days of such disclosure." (Dkt. No. 328-4 at 1.) All relevant provisions of the 2011 NDA expired on April 15, 2014. (Dkt. No. 328-4 at 3.)

On February 22, 2013, Plaintiff and Samsung entered into a second NDA (the 2013 NDA). This NDA was signed to allow the parties to "exchange[] certain technical and business information for the limited purpose of engaging in business discussions relating to the possible sale and/or license of certain patents, patent applications, or invention by ZiiLabs to Samsung." (Dkt. No. 308-9 ¶1.) The 2013 NDA imposed limitations on the parties' use of "Confidential Information," that is, documents and things that the parties marked "Confidential" or "Proprietary." (Dkt. No. 308-9 ¶2.) The 2013 NDA also contained the following clause:

> **Inadmissibility of Disclosure**. The parties acknowledge that Confidential Information, and any acquisition and licensing communications related thereto, constitute inadmissible communications, including under Federal Rule of Evidence 408 if applicable and other similar statutes and rules. Such communications may only be used for the Purpose as defined herein, and may not be used by any party for any other purpose, including, without limitation, (a) any use to support a declaratory judgment action of infringement, (b) any use to support an allegation of willful infringement, or (c) as notice of patent infringement. The Parties also acknowledge the good faith nature of their discussions, and agree that any claim for willful infringement of any identified patents, or patent applications which may later issue as patents, may not be based upon or supported by any activity conducted in pursuit of the Purpose as defined herein.

(Dkt. No. 308-9 ¶12.)

B.  Analysis

On October 28, 2015, the Court issued an Order on Samsung's Motion in Limine No. 12. (Dkt. No. 455 at 5.) The Order held that the 2013 NDA barred Plaintiff from using an August 7, 2013 notice letter as evidence of willful infringement. The Court now addresses the parties' remaining disputes which pertain to the scope and effect of the 2011 NDA and 2013 NDA on pre-February 22, 2013 communications. The Court concludes that 2011 NDA and 2013 NDA do not bar Plaintiff from using pre-February 22, 2013 communications as evidence of willful infringement. (Dkt. No. 394 at 11–14.)

The 2013 NDA does not bar Plaintiff from using pre-February 22, 2013 communications as evidence of willful infringement. The NDA pertains only to "acquisition and licensing communications" related to "Confidential Information." (Dkt. No. 394 ¶12.) The 2013 NDA states that "Confidential Information" "means any confidential or propriety information . . . that a Party. . . discloses to the other Party . . . [that is designated as confidential or appears to be confidential]." (Dkt. No. 394 ¶2.) No pre-February 22, 2013 communication can fall under this definition because the first day that a communication can be designated "Confidential" under the 2013 NDA is February 22, 2013, its effective date. (Dkt. No. 394 at 1.) Therefore, no pre-effective date "acquisition and licensing communication" can be "related thereto." (Dkt. No. 394 ¶12.)

For two reasons, the 2011 NDA does not bar Plaintiff from introducing pre-February 22, 2013 communications as evidence of willful infringement. First, the 2011 NDA provides that Plaintiff and Samsung may use "Proprietary/Confidential Information" only for discussions "relating to [Plaintiff's] chipsets and software applications." (Dkt. No. 328-4 at 1.) However,

3

Plaintiff and Samsung do not dispute that certain communications between them were not designated as "Proprietary/Confidential Information" pursuant to the procedures described in the agreement. Therefore, the 2011 NDA does not govern these communications, and they can be used for any purpose including as evidence. Second, the 2011 NDA does not impose restrictions on a party's use of its own "Proprietary/Confidential Information." (Dkt. No. 328-4 at 1–2.) For that reason also, Plaintiff may use its own information even if it is "Proprietary/Confidential Information" as evidence of willful infringement.

## Federal Rule of Civil Procedure 26

### A. Background

Samsung served an interrogatory on October 28, 2014, which requested that Plaintiff identify "the complete factual and legal bases for Plaintiff's claim" that Samsung had willfully infringed Plaintiff's patents. (Dkt. No. 365 at 5; Dkt. No. 308-2 at 6.) One month later, Plaintiff, stated in response that "[s]ince at least December 2012, Samsung and ZiiLabs have had continuing communications about the ZiiLabs patent portfolio, including the Patents-in-suit." (Dkt. No. 308-2 at 6–7.) Plaintiff then described specific communications between the parties. (Dkt. No. 308-2 at 6–8.)

Samsung asserts that the Court should exclude as evidence of willful infringement the pre-December 2012 communications between the parties. It argues that these communications should be excluded because they were not adequately disclosed under Rule 26, Fed. R. Civ. P. 26, and Plaintiff's failure to disclose these communications was not "substantially justified or harmless," Fed. R. Civ. P. 37. (*See* Dkt. No. 365 at 12–13.) Plaintiff responds that "[t]he pre-2013 communications were made known to Samsung on many occasions during discovery." (Dkt. No. 394 at 4.)

4

**B.     Analysis**

The parties dispute whether Plaintiff failed to meet its obligations under Rule 26. Two issues govern: first, whether Plaintiff sufficiently "responded to an interrogatory"; and if not, second, whether Plaintiff provided "additional or corrective information" once it discovered its response was not sufficient. Rule 26 provides:

> In General. A party who . . . has responded to an interrogatory . . . must supplement or correct its disclosure or response: [] in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e).

The Court finds Plaintiff sufficiently responded to Samsung's interrogatory. Plaintiff's response cites "a December 2012 [] email referencing the parties' earlier communications." (Dkt. No. 394 at 4.) The December 2012 email contains context which shows that Plaintiff was not basing its willful infringement allegations solely on post-December 2012 communications. The email states that Samsung was "reviewing [] patents in the list you provided [before December 2012] and want to know whether you have any process in place for a sale of the portfolio." (Dkt. No. 394-2 at 87.) Samsung cannot seriously argue in light those words that Plaintiff had disclaimed reliance on pre-December 2012 communications between the parties as evidence of willful infringement. (Dkt. No. 394 at 4 n.1 (stating "the patents in the list" were provided on August 28, 2012).)

Even if Plaintiff's interrogatory response was not sufficient, Plaintiff has satisfied Rule 26. The pre-December 2012 communications were thoroughly explored in the deposition of Plaintiff and third-party witnesses. (Dkt. No. 394 at 5); *see* Fed. R. Civ. P. 26(e) (stating parties

must supplement only if the information has "not otherwise been made known to the other parties during the discovery process or in writing").

## CONCLUSION

Defendant Samsung's Motion to Strike Evidence Submitted in Support of ZiiLabs' Opposition to Samsung's Motion for Partial Summary Judgment of No Willful Infringement is **DENIED**. (Dkt. No. 365.) All communications between Plaintiff and Samsung made before the February 22, 2013 effective date of the 2013 NDA are admissible as evidence of willful infringement subject to the Federal Rules of Evidence and the Court's Orders. All communications made during the term of the 2013 NDA are not admissible as evidence of willful infringement under paragraph 12 of the agreement. The Motion to Strike as it relates to the August 7, 2013 notice letter is **DENIED** in light of the Court's Order on Samsung's Motion in Limine No. 12. (Dkt. No. 455 at 5.)

Plaintiff ZiiLabs' Motion for Reconsideration in-part and Admission of August 7, 2013 Notice of Patent Infringement Letter is also **DENIED**. (Dkt. No. 473.) That Motion re-raises arguments addressed in this Order and the Court's Order on Samsung's Motion in Limine No. 12. For the reasons stated above, the Court finds that paragraph 12 of the 2013 NDA covers the August 7, 2013 notice letter because the letter was sent after the February 22, 2013 effective date of the 2013 NDA. Plaintiff agrees that the notice letter is an "acquisition and licensing communication" (Dkt. No. 473 at 7), but has not pointed to any fact that shows the letter is not "related," in a broad sense, to any document or thing that the parties designated "Confidential Information" under the 2013 NDA.

Plaintiff's motion for reconsideration reveals as much. It argues that the contents of the 2013 NDA itself are not confidential. (Dkt. No. 473 at 7 ("[A]s explained above, all of the

information included in Mr. Ng's letter was non-proprietary and, in fact, publically obtainable at the time the letter was sent.").) But that does not show that the public information in the letter is not "related" to "Confidential Information" under the 2013 NDA. Furthermore, the August 8, 2013 email from Plaintiff to Samsung cuts against its position. Plaintiff's representative Sivananthan Sivagnanaratnam, recognized that the 2013 NDA might cover the August 7, 2013 notice letter. Mr. Sivagnanaratnam had the opportunity to terminate the 2013 NDA and to resend the August 7, 2013 notice letter after the thirty-day notice period had expired. Finally, Plaintiff's argument as to the expiration of the 2013 NDA was neither adequately raised in its briefing on Motion in Limine No. 12 nor argument at the hearing. The Court will not address for the first time five pages of new argument in a motion for reconsideration under Rule 60. (*See* Dkt. No. 473 at 11–15.) In any event, it is not persuasive.

**SIGNED this 8th day of December, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE